120 Cal.Rptr.2d 18 (2002)
98 Cal.App.4th 812
The PEOPLE, Plaintiff and Respondent,
v.
Jake Michael MUMM, Defendant and Appellant.
No. D035303.
Court of Appeal, Fourth District, Division One.
April 30, 2002.
Review Denied July 17, 2002.
*19 Peggy A. O'Neill and Cindi B. Mishkin, under appointment by the Court of Appeal, San Diego, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda L. Cartwright-Ladendorf, Deputy Attorney General, for Plaintiff and Respondent.
HALLER, Acting P.J.
In superior court case number SCD146281, Jake Michael Mumm pleaded guilty to possessing methamphetamine for sale (Health & Saf.Code, § 11378) and admitted he had a prior drug-related conviction (Health & Saf.Code, §§ 11378, 11370.2, subd. (c)). Mumm also admitted he had been convicted of armed robbery in Arizona. In case No. SCD147722, Mumm pleaded guilty to possessing methamphetamine (Health & Saf.Code, § 11377, subd. (a)) and admitted the prior Arizona armed robbery conviction. As to both cases, the court agreed to determine whether Mumm's prior Arizona conviction was a strike within the meaning of the three strikes law. (Pen.Code, §§ 667, subds.(b)(i), 1170.12.)[1]
Mumm unsuccessfully moved to strike the prior conviction in both cases. The court then found Mumm's Arizona robbery conviction qualified as a strike prior under the three strikes law. In case No. SCD146281, the court sentenced Mumm to prison for the middle term of two years, doubled to four years for the strike prior conviction. In case No. SCD147722, the court imposed a consecutive one-year four-month term plus a three-year enhancement for the prior drug-related conviction, for a total sentence of eight years four months. Mumm appeals, contending the record was insufficient to prove the Arizona prior contained all of the elements of a California robbery so as to constitute a serious felony and thus a strike under the three strikes law. We affirm the judgment.

DISCUSSION[2]

I
Preliminarily, the People contend Mumm, as part of the plea agreements, *20 expressly waived his right to appeal any issues regarding his prior conviction allegations. Consequently, they urge us to dismiss his appeal.
A defendant may waive the right to appeal as part of a plea bargain where the waiver is knowing, intelligent and voluntary. (People v. Panizzon (1996) 13 Cal.4th 68, 80, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. (In re Uriah R. (1999) 70 Cal.App.4th 1152, 1157, 83 Cal.Rptr.2d 314.) Thus, a waiver of appeal rights does not apply to "`possible future error' [that] is outside the defendant's contemplation and knowledge at the time the waiver is made." (People v. Panizzon, supra, 13 Cal.4th at p. 85, 51 Cal.Rptr.2d 851, 913 P.2d 1061; see also People v. Sherrick (1993) 19 Cal. App.4th 657, 659, 24 Cal.Rptr.2d 25; People v. Vargas (1993) 13 Cal.App.4th 1653, 1662, 17 Cal.Rptr.2d 445.)
Here, Mumm agreed to waive his right to appeal based on "issues regarding priors allegations." At the time Mumm made that waiver, the court had not yet determined whether his prior Arizona conviction was a strike within the meaning of the three strikes law. Because the issue of the Arizona conviction was unresolved at the time Mumm entered his guilty plea, it fell "outside of [his] contemplation and knowledge when the waiver was made...." (People v. Panizzon, supra, 13 Cal.4th at p. 86, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) Thus, we decline to dismiss the appeal.

II
Under the three strikes law, the court may use as a strike prior "a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7." (§ 667, subd. (d)(2); see also § 1170.12, subd. (b)(2).) Thus, "[a] defendant whose prior conviction was suffered in another jurisdiction is ... subject to the same punishment as a person previously convicted of an offense involving the same conduct in California." (People v. Myers (1993) 5 Cal.4th 1193, 1201, 22 Cal.Rptr.2d 911, 858 P.2d 301; People v. Avery (2002) 27 Cal.4th 49, 53, 115 Cal.Rptr.2d 403, 38 P.3d 1; People v. Woodell (1998) 17 Cal.4th 448, 453, 71 Cal.Rptr.2d 241, 950 P.2d 85.) In determining whether the foreign prior contains all of the elements of the California felony, the trier of fact may not look outside the record of conviction, but may consider any evidence in the record of the foreign conviction "if not precluded by the rules of evidence or other statutory limitation." (People v. Myers, supra, 5 Cal.4th at p.1201, 22 Cal.Rptr.2d 911, 858 P.2d 301; see also People v. Riel (2000) 22 Cal.4th 1153, 1204-1205, 96 Cal. Rptr.2d 1, 998 P.2d 969.) If the record does not disclose any of the facts of the offense actually committed, the court will presume the prior conviction was for the least offense punishable under the foreign law. (People v. Guerrero (1988) 44 Cal.3d 343, 355, 243 Cal.Rptr. 688, 748 P.2d 1150; People v. Rodriguez (1998) 17 Cal.4th 253, 261-262, 70 Cal.Rptr.2d 334, 949 P.2d 31.)
Here, the facts of the offense actually committed by Mumm in Arizona were not before the trial court. Rather, the record of conviction consisted only of copies of the Arizona indictment, Mumm's *21 plea agreement in that case, the clerk's minutes of the change of plea, the Arizona robbery statute in effect at the time of Mumm's conviction and several documents from the Arizona Department of Corrections.[3] These records do not establish Mumm had the intent to commit robbery as defined under California law. Consequently, whether Mumm's prior conviction qualifies as a serious felony under the three strikes law must be determined by applying the statutory definitions in force at the time of the conviction for his currently charged crime. (§ 667, subd. (d)(1); People v. James (2001) 91 Cal.App.4th 1147, 1150, 111 Cal.Rptr.2d 292.) Specifically, the issue is whether a robbery conviction under Arizona law necessarily involves the same conduct that would qualify as robbery under California law. (People v. Avery, supra, 27 Cal.4th at p. 53, 115 Cal.Rptr.2d 403, 38 P.3d 1.)
Robbery in California is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Robbery, like other theft crimes in California, requires the specific intent to permanently deprive the victim of his or her property. (People v. Guerra (1985) 40 Cal.3d 377, 385, 220 Cal. Rptr. 374, 708 P.2d 1252; People v. Ortega (1998) 19 Cal.4th 686, 693, 80 Cal.Rptr.2d 489, 968 P.2d 48; In re Albert A. (1996) 47 Cal.App.4th 1004, 1007, 55 Cal.Rptr.2d 217.)
A person commits robbery in Arizona "if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." (Ariz.Rev.Stat. § 13-1902(A).) Unlike California law, Arizona law does not require an intent to permanently deprive the victim of his or her property. (State v. Yarbrough (Ariz.1981) 131 Ariz. 70, 638 P.2d 737, 739.) However, robbery in Arizona necessarily includes both a "taking" and an exercise of control over the property as contemplated by the statutory definition of theft. (Id. at pp. 739-740; see also Ariz.Rev.Stat. § 13-1802(A).)[4] Theft in Arizona requires an intent to either (1) permanently deprive, (2) withhold property for so long a time period that a substantial portion of its economic value or usefulness or enjoyment is lost, (3) restore the property only upon payment of reward or other compensation or (4) transfer or dispose of it so that it is unlikely to be recovered. (Ariz.Rev.Stats. § 13-1801(A)(4), *22 italics added.) Because these statutory elements appear to be different from those in California, we must determine whether Arizona's three alternative intent requirements are equivalent to California's intent requirement.
In People v. Davis (1998) 19 Cal.4th 301, 79 Cal.Rptr.2d 295, 965 P.2d 1165, the Supreme Court held the intent to take property from a store in order to return it for a refund satisfied California's intent requirement even if the intent was not literally to permanently deprive the store owner of the property. "[T]he general rule is not inflexible: `The word "permanently," as used here is not to be taken literally.' [Citation.]" (Id. at p. 307, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) The court discussed several "relevant categories of cases holding that the requisite intent to steal may be found even though the defendant's primary purpose in taking the property is not to deprive the owner permanently of possession: i.e., (1) when the defendant intends to `sell' the property back to its owner, (2) when the defendant intends to claim a reward for `finding' the property, and (3) when ... the defendant intends to return the property to its owner for a `refund.'" (People v. Davis, supra, 19 Cal.4th at p. 307, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) The court discussed other categories of arguably temporary takings that amount to an intent to permanently deprive, including those in which the defendant takes property with the intent to use it temporarily and then to abandon it in circumstances making it unlikely the owner will recover it. (Id. at pp. 307-308, fn. 4, 79 Cal.Rptr.2d 295, 965 P.2d 1165; see also People v. Zangari (2001) 89 Cal.App.4th 1436, 1443-1444, 108 Cal. Rptr.2d 250.)
Recently, the Supreme Court added yet another category of theft cases to the list of those satisfying California's intent to steal requirement: when the defendant intends to deprive the owner of property only temporarily, but for so extended a period of time as to deprive the owner of a major portion of its value or enjoyment. (People v. Avery, supra, 27 Cal.4th at p. 56, 115 Cal.Rptr.2d 403, 38 P.3d 1.) The issue in Avery was "whether a Texas conviction of `burglary of a habitation with intent to commit theft' under Texas law necessarily involves conduct that would qualify as `[b]urglary of an inhabited dwelling house' under California law." (Id. at p. 53, 115 Cal.Rptr.2d 403, 38 P.3d 1.) The statutory requirement for theft in Texas required only the "`intent to deprive the owner of property[,]' [and defined] `[deprive' ... as `withhold[ing] property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner....' [Citation.]" (Id. at p. 54, 115 Cal.Rptr.2d 403, 38 P.3d 1.)
The Supreme Court reviewed the historical roots of the intent element of burglary in California and noted the word "permanently" was not an inflexible concept when used to determine whether a defendant intended to permanently deprive an owner of property. (People v. Avery, supra, 27 Cal.4th at p. 55, 115 Cal.Rptr.2d 403, 38 P.3d 1, citing People v. Davis, supra, 19 Cal.4th at p. 307, 79 Cal.Rptr.2d 295, 965 P.2d 1165.) Rather, "[t]he reference to the intent to permanently deprive is merely a shorthand way of describing the common law requirement and is not intended literally." (People v. Avery, supra, 27 Cal.4th at p. 55, 115 Cal.Rptr.2d 403, 38 P.3d 1.) After discussing various factual circumstances that the common law and commentators found were theft in spite of the temporary nature of the takings, the court held "`the intent to deprive an owner of the main value of his [or her] property is equivalent to the intent to permanently *23 deprive an owner of property.'" (Id. at pp. 55-57, 115 Cal.Rptr.2d 403, 38 P.3d 1, quoting People v. Zangari, supra, 89 Cal. App.4th at p. 1443, 108 Cal.Rptr.2d 250.)[5]
Applying the reasoning of Davis and Avery here, we conclude Arizona's robbery statute satisfies the intent requirement of theft under California's robbery statute. Both statutes require an intent to deprive the owner of possession of his or her property either permanently or for an unreasonable length of time, or an intent to deal with the owner's property in such a way that there is a substantial risk of permanent loss. Because Mumm had the intent to commit robbery as defined under California law, his prior Arizona robbery conviction was a serious felony and a strike for purposes of the three strikes law.

DISPOSITION
The judgment is affirmed.
WE CONCUR: McDONALD, and McINTYRE, J J.
NOTES
[1] Statutory references are to the Penal Code unless otherwise specified.
[2] Mumm pleaded guilty and does not challenge the facts underlying the conviction. (§ 1237.5; People v. Martin (1973) 9 Cal.3d 687, 693, 108 Cal.Rptr. 809, 511 P.2d 1161.) Thus, we need not recite the facts. (People v. Kwizera (2000) 78 Cal.App.4th 1238, 1239-1240, fn. 1, 93 Cal.Rptr.2d 522.)
[3] The court properly declined to consider the contents of the San Diego probation officer's report offered into evidence by the prosecution. That report was not part of the record of conviction for purposes of determining whether Mumm's Arizona robbery conviction qualified as a strike under California's three strikes law. (See People v. Reed (1996) 13 Cal.4th 217, 230, 52 Cal.Rptr.2d 106, 914 P.2d 184.) Further, the statements in that probation report purportedly made by Mumm were inadmissible hearsay. (Ibid.; People v. Williams (1990) 222 Cal.App.3d 911, 917-918, 272 Cal.Rptr. 212.)
[4] We note that under Arizona law, theft is a lesser included offense of robbery. (State v. Yarbrough, supra, 638 P.2d at pp. 739-740; State v. McNair (1984) 141 Ariz. 475, 687 P.2d 1230, 1237.) What distinguishes robbery from theft is the use of threat or force to coerce the surrender of property. (State v. Garza Rodriguez (1990) 164 Ariz. 107, 791 P.2d 633, 637.) In this regard, the statutory requirement of intent to "coerce surrender" or "prevent resistance to . . . taking or retaining property" refers to the immediate objective of using threat or force and has no bearing on the intent to permanently deprive. (Stale v. Miguel (1980) 125 Ariz. 538, 611 P.2d 125, 128.)
[5] Mumm attempts to distinguish Avery on the ground Texas law requires that the owner of property be deprived of a major portion of its value while the intended degree of deprivation to constitute theft in Arizona is a substantial portion of the property's value. However, the quantitative level of deprivation of property is not relevant to the inquiry. Rather, what is determinative is the subjective mental state of the defendant with respect to the purpose to deprive. (See People v. Zangari, supra, 89 Cal.App.4th at p. 1447, 108 Cal.Rptr.2d 250.) Avery is controlling on this point.