Filed 1/11/16  P. v. Moli CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042277 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS141190A) |
| v. | |
| ALOFANGIA MOLI, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Alofangia Moli pleaded no contest to inflicting corporal injury on a child (Pen. Code, § 273d, subd. (a)).[1]  The trial court suspended imposition of sentence and placed defendant on probation with various terms and conditions, including that she may not be employed as a care provider for children or the elderly.  Defendant had previously worked as a care provider for the elderly.

On appeal, defendant contends that she has a constitutional right to maintain employment free from undue government interference, and that the probation condition prohibiting her from working as a care provider for the elderly is unreasonable and invalid.  She also contends that a waiver of appellate rights in her waiver and plea agreement does not apply to the instant appeal, and that she did not make a knowing waiver of her appellate rights.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

For reasons that we will explain, we determine that defendant's claims are not reviewable on appeal because of her waiver of appellate rights and her failure to obtain a certificate of probable clause. We will therefore dismiss the appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Offense*

Defendant and her husband had been raising Jane Doe, who was the husband's niece, since she was a baby.[2] Doe was 14 years old at the time of defendant's offense. Doe reported to police that she had been severely beaten during an approximately three-hour period by defendant and her husband for stealing a cell phone from a cousin and getting bad grades. Defendant struck Doe's body more than 40 times with a hard plastic vacuum attachment. Defendant also struck Doe in the face two or three times and kicked her ribcage. Defendant's husband used a belt to strike Doe more than 100 times, and he grabbed her hair and threw her to the floor. Doe reported that she did not go to school because her legs were swollen and she was in pain. Doe had bruises on her back, arms, and legs. Lacerations on her buttocks were leaking puss.

Doe reported that defendant had previously beaten her about 10 times with the vacuum attachment, and that defendant's husband had also struck Doe on prior occasions. Doe's maternal aunt became Doe's legal guardian after the instant offense occurred.

Approximately three years before the instant offense, defendant's husband's children from a prior marriage were placed in the care of a relative after multiple referrals alleging physical abuse by defendant and/or her husband. Defendant completed 52 weeks of parenting classes after being convicted of a misdemeanor violation of section 273a, subdivision (a) in a prior case and being placed on probation.

---

[2] As defendant was convicted by plea, the summary of her offense is taken from the probation report, which was based on a report by the Salinas Police Department.

2

**B. *The Complaint and the Waiver and Plea Agreement***

In May 2014, defendant was charged by amended complaint with inflicting corporal injury on a child (§ 273d, subd. (a); count 1) and child endangerment (§ 273a, subd. (a); count 2).

In January 2015, defendant initialed and signed a written waiver of rights and plea agreement. Relevant here, defendant initialed a provision stating: "I will receive felony probation with up to one year in jail as a condition of probation. If I later violate probation, the Court can sentence me up to the maximum" of six years. Regarding a waiver of appellate rights, defendant initialed a provision stating: "(Appeal and Plea Withdrawal Waiver) I hereby waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any time in the future. I further agree not to ask the Court to withdraw my plea for any reason after it is entered." Handwritten above the appellate waiver provision was a statement indicating that ineffective assistance of counsel claims were excluded from the waiver.

Defendant also signed provisions that stated: "I offer my plea of guilty or no contest freely and voluntarily and of my own accord. . . . [¶] I have read, or have had read to me, this form and have initialed each of the items that applies to my case. I have discussed each item with my attorney. By putting my initials next to the items in this form, I am indicating that I understand and agree with what is stated in each item that I have initialed. The nature of the charges, possible defenses, and the effects of any prior convictions, enhancements, and special allegations have been explained to me. I understand each of the rights outlined above and I give up each of them to enter my plea."

Defendant's trial counsel also signed a provision in the agreement stating in part, "I have reviewed this form with my client and have explained each of the items in the

3

form, including the defendant's constitutional rights, to the defendant and have answered all of his or her questions concerning the form and the plea agreement. . . . [¶] I concur in the defendant's decision to waive the above rights and enter this plea, and believe the defendant is doing so knowingly, intelligently, and voluntarily."

The trial court signed defendant's written waiver and plea agreement, finding that defendant "expressly, knowingly, understandingly, and intelligently waives [her] constitutional and statutory rights; the defendant's plea, admissions, and waiver of rights are freely and voluntarily made; the defendant understands the nature of the charges and the consequences of the plea and admissions; and that there is a factual basis for the same. The Court accepts the defendant's plea and admissions . . . ."

At the change of plea hearing, defendant indicated that she had read the written waiver and plea agreement before signing and initialing it, that she had gone over the agreement with her attorney, that she had asked her attorney questions if she did not understand something, and that she understood everything that she went over with her attorney. The trial court asked defendant, "It's my understanding also that you're waiving and giving up your rights to state and [f]ederal writs and appeals. That includes but is not limited to the right to appeal your conviction, the judgment and any other orders previously issued by this court; is that correct?" Defendant responded, "Yes."

Defendant ultimately pleaded no contest to count 1, inflicting corporal injury on a child (§ 273d, subd. (a)), with the understanding that she would be placed on probation. The court trial found that defendant knowingly, intelligently, and voluntarily waived her constitutional rights.

### C. *The Probation Report*

In the probation report, defendant indicated that she had recently worked for a friend who was a care provider for the elderly. The friend gave defendant jobs and often had a client requiring 24 hour coverage at home. Defendant and her friend would each take a 12 hour shift. Defendant was not licensed and had not received training as a

4

certified nurse's aide. Defendant expected to be working for the friend again within the next couple of weeks "as a patient is being released from the hospital soon." Regarding probation conditions, the probation officer recommended that defendant not be employed as a nanny or a care provider for the elderly unless she was employed by a certified agency and bonded.

**D.** *Sentencing*

The sentencing hearing was held on April 14, 2015. The trial court suspended imposition of sentence and placed defendant on probation for four years with various terms and conditions, including that she serve five days in jail, with five days credit. The remaining count was dismissed. In a separate case involving defendant's prior conviction for misdemeanor violation of section 273a, subdivision (a), the trial court sentenced defendant to 365 days in jail consecutive to the sentence in the instant case, with five days credit.

After the trial court indicated that defendant's probation conditions would include a restriction on defendant working as a care provider for children and the elderly unless she was employed by a certified agency, defendant objected to the certification requirement. Defendant argued that there was no nexus between her offense and the certification requirement.

The trial court responded: "Well, I suppose I could modify the term. It would be you are not to be employed in any capacity as a nanny or care provider for the elderly or children period. And that would be appropriate. It does apply in this particular circumstance. She's in a position where she is abusing children, children who are of an older age who are able to verbalize for themselves and are able to make decisions for themselves but who are in a position of trust. It would be no different than an elderly person who would be somewhat infirmed, who would be able to speak for themselves but would be in a position of trust, because she is a caregiver." The court indicated it would

5

delete the certification requirement and prohibit any employment as a care provider for children or the elderly.

Defendant argued that there was no nexus and that the modified probation condition was even more restrictive. The court determined that there was a nexus and stated that "anyone who is beating a child should not be in a position of caring for a child or an infirmed adult." Defendant was ultimately ordered as a condition of probation to not be employed as a nanny or a care provider for children or the elderly.

### III. DISCUSSION

Defendant contends that she has a constitutional right to maintain employment free from undue government interference. She argues that the probation condition prohibiting her from working as a care provider for the elderly is invalid because it is unrelated to her offense, does not prohibit criminal activity, and is not reasonably related to future criminality, and that it should therefore be modified or stricken. She also contends that, although she entered a waiver of her right to appeal, the waiver does not apply to the instant appeal involving sentencing error, and she did not knowingly make the waiver.

The Attorney General contends that defendant waived her right to appeal and therefore she cannot challenge the probation condition. The Attorney General also contends that defendant's challenge to the probation condition and her claim that her appellate waiver was not made knowingly are attacks on the validity of her plea agreement. As such, a certificate of probable cause is required and defendant's failure to obtain one requires dismissal of the appeal. The Attorney General further argues that the probation condition is not unreasonable or unconstitutional.

We determine that defendant's waiver of her appellate rights and her failure to obtain a certificate of probable cause are dispositive and therefore we consider those issues first.

6

**A.** *Scope of Appellate Waiver*

"A defendant may waive the right to appeal as part of a plea bargain where the waiver is knowing, intelligent and voluntary. [Citation.]" (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815 (*Mumm*), citing *People v. Panizzon* (1996) 13 Cal.4th 68, 80 (*Panizzon*).) "[A] waiver that is nonspecific, e.g., 'I waive my appeal rights' or 'I waive my right to appeal any ruling in this case,' " is considered a general waiver. (*Panizzon*, *supra*, at p. 85, fn. 11.) "A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.] Thus, a waiver of appeal rights does not apply to ' "possible future error" [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' [Citations.]" (*Mumm*, *supra*, at p. 815.)

In *Panizzon*, the California Supreme Court addressed the scope of a sentencing-specific appellate waiver and its effect on a defendant's right to appeal. In *Panizzon*, the defendant pleaded no contest pursuant to a plea bargain that provided for a sentence of life with the possibility of parole, plus 12 years. (*Panizzon*, *supra*, 13 Cal.4th at p. 73.) In the written waiver and plea agreement, the defendant agreed that he was waiving his "right to appeal from the sentence [he would] receive in this case." (*Id.* at p. 82.) The defendant later challenged the sentence on the ground that it was disproportionate to the sentences his codefendants had received after him, and that therefore his sentence constituted cruel and unusual punishment. (*Id.* at pp. 74, 85.) The defendant also argued that the sentencing error was unforeseen or unknown at the time of his plea and appellate waiver, and that such future sentencing error was beyond the scope of his waiver. (*Id.* at p. 85.)

The California Supreme Court determined that defendant's claim fell within the scope of the appellate waiver and was not reviewable on appeal. (*Panizzon*, *supra*, 13 Cal.4th at p. 89.) The court explained: "Not only did the plea agreement in this case

7

specify the sentence to be imposed, but by its very terms the waiver of appellate rights also specifically extended to any right to appeal such sentence. Thus, what defendant seeks here is appellate review of an integral element of the negotiated plea agreement, as opposed to a matter left open or unaddressed by the deal." (*Id.* at pp. 85-86.) The court further stated that "both the length of the sentence and the right to appeal the sentence are issues that cannot fairly be characterized as falling outside of defendant's contemplation and knowledge when the waiver was made." (*Id.* at p. 86.) The court contrasted the case before it to cases in which the defendants had made a general waiver of the right to appeal as part of a negotiated plea agreement and were not barred from appealing subsequent sentencing errors where the sentencing issue had been left unresolved by the particular plea agreements involved.

In the case before us, the parties resolved the disposition of defendant's case, and the waiver and plea agreement expressly provided that defendant would receive probation. The agreement also clearly indicated that defendant would be subject to probation conditions.

Significantly, defendant's appellate waiver in the waiver and plea agreement was not a general waiver, but a specific waiver that applied to any direct or collateral attack on the sentence or judgment. The agreement expressly provided that defendant was waiving "all rights regarding state and federal writs and appeals. This includes, but is not limited to, the *right to appeal* [her] conviction, *the judgment*, and any other orders previously issued by this court." (Italics added.) Defendant also agreed "*not to file any collateral attacks* on [her] *conviction or sentence* at any time in the future." (Italics added.)

Thus, in view of the express language in the waiver and plea agreement, the parties clearly contemplated that defendant would be placed on probation with conditions, and they clearly contemplated a waiver of the right to appeal from the "judgment." A "judgment" includes a probation order for purposes of a defendant's right

8

to take an appeal.  (§ 1237, subd. (a); accord, *People v. Howard* (1997) 16 Cal.4th 1081, 1087 (*Howard*).)  Consequently, based on the references to probation conditions in defendant's plea agreement and to a judgment in the appellate waiver, we believe the parties contemplated at the time defendant entered her no contest plea that the waiver would apply to future error, including error with respect to the grant of probation and the conditions of probation.  (See *Panizzon*, *supra*, 13 Cal.4th at pp. 85-86; *Mumm*, *supra*, 98 Cal.App.4th at p. 815; *People v. Buttram* (2003) 30 Cal.4th 773, 791-793 (conc. opn. of Baxter, J.) (*Buttram*) [if the defendant's plea bargain had included an appellate waiver regarding sentencing, then the appellate court could have declined to address the defendant's claim that the trial court abused its discretion in imposing the negotiated maximum sentence].)

Therefore, defendant's appellate challenge to one of the probation conditions is not reviewable on appeal because the terms of the plea bargain preclude any appeal regarding the conditions of probation.  (See *Panizzon*, *supra*, 13 Cal.4th at p. 89; *Mumm*, *supra*, 98 Cal.App.4th at p. 815.)

**B.**  *Requirement of Certificate of Probable Cause*

Defendant contends that the record fails to establish that she made a knowing waiver of her appellate rights.  She argues that the trial court did not explain to her that the waiver of the right to appeal the judgment encompassed sentencing errors, including errors regarding probation conditions.

The Attorney General contends that defendant's claim is an attack on the validity of a portion of the plea agreement – the appellate waiver.  The Attorney General contends that defendant may not raise this claim because she did not obtain a certificate of probable cause.  Defendant did not file a reply brief addressing the issue of a certificate.

In general "a court may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment.  [Citations.]  'Only if in questioning the defendant and his [or her] attorney the trial court has reason to believe the defendant does

9

not fully comprehend his [or her] rights, must the trial court conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights.' [Citations.] Thus, in *People v. Castrillon* [(1991) 227 Cal.App.3d 718], a trial court was not required to question a defendant specifically regarding the right to appeal where both the defendant and his attorney had signed a waiver form and had attested to the defendant's knowing and voluntary relinquishment of his rights and where the trial court's examination of the defendant and his attorney raised no questions concerning defendant's comprehension of his rights and of the consequences of his plea. [Citations.]" (*Panizzon*, *supra*, 13 Cal.4th at pp. 83-84.)

In this case, defendant's appellate waiver is contained in her written plea agreement. "It has long been established that issues going to the validity of a plea require compliance with section 1237.5. [Citation.]" (*Panizzon*, *supra*, 13 Cal.4th at p. 76.) Under section 1237.5, a defendant may not appeal from a judgment of conviction following a guilty or no contest plea unless the defendant files with the trial court a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and the "trial court has executed and filed a certificate of probable cause for such appeal." (*Id.*, subds. (a), (b).) "The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas. [Citations.]" (*Panizzon*, *supra*, at p. 75.) If a defendant fails to obtain a certificate when one is required, the defendant's claim is not reviewable on appeal. (*Id.* at p. 89.)

Two types of issues may be raised in an appeal from a guilty or no contest plea without a certificate of probable cause: (1) "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5," and (2) "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4)(A), (B); see *People v. Mashburn* (2013) 222 Cal.App.4th 937, 941-942 (*Mashburn*).)

10

"In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal:  'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.'  [Citation.]  Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.  [Citation.]" (*Panizzon*, *supra*, 13 Cal.4th at p. 76.)

For example, "a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself.  Therefore, it [is] incumbent upon defendant to seek and obtain a probable cause certificate in order to attack the sentence on appeal." (*Panizzon*, *supra*, 13 Cal.4th at p. 79.)  "Similarly, a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate.  [Citation.]" (*Id.* at p. 76.)

Significantly, in *Panizzon*, the California Supreme Court stated that a certificate of probable cause is required for a claim that the defendant "was inadequately admonished regarding the waiver of appellate rights contained in the waiver and plea agreement." (*Panizzon*, *supra*, 13 Cal.4th at p. 76, fn. 6; see § 1237.5.)  Subsequently, in *Buttram*, Justice Baxter explained in a concurring opinion that if a plea bargain includes an express waiver of appeal, then a certificate of probable cause is required to challenge either the sentence or the enforceability of the waiver, including on the ground that the waiver was not made knowingly.  (*Buttram*, *supra*, 30 Cal.4th at pp. 792-793 (conc. opn. of Baxter, J.).)  Thereafter, an appellate court, citing *Panizzon* and Justice Baxter's concurrence in *Buttram*, held that where the defendant's appeal challenged the validity of the appellate waiver in the plea bargain, the appeal was a challenge to the validity of the plea itself and a certificate of probable cause was required.  (*Mashburn*, *supra*, 222 Cal.App.4th at p. 943.)

11

In this case, a certificate of probable cause is required for defendant's claims that she was not adequately admonished by the trial court or that she did not knowingly waive her right to appeal probation conditions. (*Panizzon*, *supra*, 13 Cal.4th at p. 76, fn. 6; *Buttram*, *supra*, 30 Cal.4th at pp. 792-793 (conc. opn. of Baxter, J.); *Mashburn*, *supra*, 222 Cal.App.4th at p. 943.) The record reflects, however, that defendant did not seek and obtain a certificate of probable cause. We therefore determine that these claims attacking the validity of defendant's appellate waiver in the waiver and plea agreement are not reviewable on appeal. (*Panizzon*, *supra*, at p. 89.)

In sum, we determine that defendant's waiver of the right to appeal the "judgment" includes a waiver of the right to appeal the order of probation. (See § 1237, subd. (a); *Howard*, *supra*, 16 Cal.4th at p. 1087.) Defendant thus waived her right to challenge her probation conditions on appeal. (See *Panizzon*, *supra*, 13 Cal.4th at pp. 85-86; *Mumm*, *supra*, 98 Cal.App.4th at p. 815; *Buttram*, *supra*, 30 Cal.4th at pp. 791-793 (conc. opn. of Baxter, J.).) Further, we determine that defendant's challenge to the appellate waiver, on the ground that it was not knowing, is an attack on the validity of her plea. In the absence of a certificate of probable cause, defendant may not raise this issue on appeal. (*Panizzon*, *supra*, 13 Cal.4th at pp. 76, fn. 6, 89; *Buttram*, *supra*, 30 Cal.4th at pp. 792-793 (conc. opn. of Baxter, J.); *Mashburn*, *supra*, 222 Cal.App.4th at p. 943.) We will therefore dismiss the appeal.

## IV. DISPOSITION

The appeal is dismissed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.