Filed 10/6/20  P. v. Hudson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

ARLENE MARIE HUDSON,

      Defendant and Appellant.

E072991

(Super.Ct.No. RIF1300129)

OPINION

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge. Affirmed and remanded with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Britton B. Lacy, and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

Arlene Marie Hudson pleaded guilty to one count of offering a false and forged document for filing, registering, and recording, and three counts of foreclosure consultant fraud in exchange for three years' probation. The terms and conditions of her probation required her to report any contact with law enforcement to her probation officer and to participate in and complete "any counseling, rehabilitation/treatment program deemed appropriate by [her] probation officer."

On appeal, Hudson argues those two conditions of probation are unconstitutionally vague and the treatment term also violates the separation of powers doctrine. We remand to allow the trial court to modify both probation conditions.

I

FACTS

In July 2010, Hudson intentionally offered a false deed (No. 2008-0405637) to be filed, registered, and recorded. In June 2012, she received compensation from three different victims prior to performing services she was contracted to do as a foreclosure consultant in violation of Civil Code section 2945.4, subdivision (a), which forbids foreclosure consultants from taking any money from clients until they have fully performed their contractual duties.

On May 7, 2014, the Riverside County District Attorney charged Hudson with eight counts of filing false property documents (Pen. Code, § 115) and one count of conspiracy to attempt to file false property documents. (Pen, Code, § 182 subd. (a).) That same day, in a separate action, the Riverside County District Attorney also charged

Hudson with three counts of foreclosure consultant fraud. (Civ. Code, § 2945.4, subd. (a).) The district attorney successfully moved to consolidate these actions.

Hudson pleaded guilty to one count of filing false property documents, and three counts of foreclosure consultant fraud. In exchange, the People agreed to dismiss the conspiracy count and agreed to probation with no jail time.

On July 25, 2018, the trial court suspended imposition of the sentence and placed Hudson on three years' probation under certain terms and conditions. As noted, the terms required her to "[r]eport any law enforcement contacts to the Probation Officer within 48 hours" and "[p]articipate [in] and complete at your expense any counseling, rehabilitation/treatment program deemed appropriate by your probation officer." The court imposed these terms on its own; they weren't negotiated as part of her plea agreement. The court also dismissed the remaining counts in the interest of justice.

II

ANALYSIS

Hudson argues the probation conditions requiring her to report all contacts with law enforcement and participate in any counseling or rehabilitation program probation deems fit are unconstitutionally vague. She also argues delegating to probation the authority to choose the program violates the separation of powers doctrine. The People argue Hudson waived her right to challenge these conditions. On the merits, they concede the term requiring her to report contacts with law enforcement is vague but otherwise contest Hudson's claims.

3

## A.    Hudson's Claims are not Forfeited

The People raise two arguments regarding forfeiture. First, they argue Hudson waived her right to appeal the conditions in her plea deal. Second, they argue she forfeited her right to challenge the probation conditions on appeal because she didn't object to them in the trial court.

"A defendant may waive the right to appeal as part of a plea bargain where the waiver is knowing, intelligent and voluntary. [Citation.] A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.] Thus, a waiver of appeal rights does not apply to ' "possible future error" [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' " (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815.) "The mere fact that [Hudson] knew some unspecified 'reasonable' restrictions or requirements could be imposed as a condition of [her] probation does not mean [s]he was agreeing to accept *anything* the court decided to include." (*People v. Patton* (2019) 41 Cal.App.5th 934, 940.) Here, the challenged conditions were not part of the negotiated plea deal, and the People don't argue Hudson had prior knowledge what conditions the trial court would impose. It follows that Hudson couldn't have waived her right to challenge them.

Nor has Hudson forfeited her right to object to these conditions. "In general, the failure to make a timely objection to a probation condition forfeits the claim of error on appeal." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194 (*Relkin*).) However, constitutional challenges which pose a pure question of law are not forfeited by a failure to object. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*).) Hudson's argument that the conditions are unconstitutionally vague and violate the separation of powers doctrine raise " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court," ' " and as such are not subject to forfeiture principles. (*Id.* at p. 889; quoting *People v. Welch* (1993) 5 Cal.4th 228, 235.)

### B.     Vagueness

Generally, we review a trial court's imposition of probation conditions for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) But where, as here, a defendant challenges a probation condition on constitutional grounds, we review its constitutionality de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly

5

delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' " (*Ibid.*) Thus, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) Where a term or condition of probation is unconstitutionally vague, a reviewing court has the power to modify it to render it constitutional. (*Id.* at p. 892.)

We agree with the parties that the law enforcement contacts condition is unconstitutionally vague as imposed. *Relkin* is instructive. There, the trial court imposed a condition requiring the defendant to " 'report to the probation officer, no later than the next working day, any arrests or any contacts with or incidents involving any peace officer.' " (*Relkin*, *supra*, 6 Cal.App.5th at pp. 1196-1197.) The court found "the portion of the condition requiring that defendant report 'any contacts with . . . any peace officer' is vague and overbroad," because it "leave[s] one to guess what sorts of events and interactions qualify as reportable." (*Id.* at p. 1197.)

The same is true here. The condition as imposed does not adequately identify which contacts between Hudson and law enforcement trigger her reporting requirement. While she could infer that arrests or detentions would probably qualify, there is nothing in the language of the condition excluding more casual encounters with law enforcement that one may not even register as meaningful contacts. (See, e.g., *Relkin*, *supra*, 6

6

Cal.App.5th at p. 1197 ["We disagree with the People's argument that the condition is clearly not triggered when defendant says 'hello' to a police officer or attends an event at which police officers are present, but would be triggered if defendant were interviewed as a witness to a crime."].) "The language does not delineate between such occurrences and thus casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Ibid.*)

Because the condition fails to delineate which kind of law enforcement contacts trigger the reporting requirement, the term is unconstitutionally vague. On remand, the trial court shall narrow the term to specify which contacts trigger the reporting requirement, or else strike the term entirely.

As to the counseling and treatment program condition, both parties agree the trial court had the authority to order Hudson to participate in and complete any such program *it specified*. But Hudson argues the court erred by delegating that specification to probation. According to Hudson, leaving such wide discretion in the hands of probation renders the term unconstitutionally vague.

*People v. Penoli* (1996) 46 Cal.App.4th 298, 308 (*Penoli*) dealt with a vagueness challenge to a similar probation condition that delegated to probation the authority to select a treatment program. As previously noted, a condition "must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325 (*Reinertson*).) Taking a practical approach to the issue, the

7

court observed that "[t]he trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability." (*Penoli*, at p. 308.) Given this reality, the court concluded it is appropriate for probation treatment conditions to be somewhat open-ended, so as to provide probation with ample breathing room to navigate the everchanging circumstances of court-ordered programs. Therefore, even if a court could be more specific in its order, that does not necessarily render a condition vague or overbroad. (*Ibid*. ["Desirable as such a narrowing of the probation officer's discretion might be, however, we are not prepared at this time to hold that its absence constitutes prejudicial error."])

However, the condition in *Penoli* was different. There, the trial court had specified *the type* of treatment program the defendant was required to complete—drug treatment. (*Penoli*, *supra*, 46 Cal. Ap.4th at p. 301.) Here, the trial court didn't specify the type of treatment Hudson needs, and in our view, that makes the condition unconstitutionally vague. Under the terms as imposed, Hudson doesn't know whether she will be required to participate in and complete a drug rehabilitation program, a mental health treatment program, an anger management program, some other program, or no program at all. It is simply too open-ended to put Hudson on any kind of meaningful notice.

Moreover, the decision in *Penoli* seems to have turned on facts which are not present in this case. In *Penoli* the defendant argued that he had " 'a right to more specific guidelines from the court as to *the scope* of the proposed program.' " (*Penoli*, *supra*, 46 Cal.App.4th at p. 309, italics added.) The court found this argument unpersuasive because the defendant's attorney "was amply familiar with the range of possibilities to which defendant was exposed," from " 'a ten-day detoxification period to a two-year program of behavioral modification.' " As a result, "counsel, if not his client, knew that agreement to this condition entailed a potential restraint of up to two years." (*Penoli*, at p. 309.) In other words, the court's conclusion the term was not unconstitutionally vague rested in part on the fact the defendant had some idea of what fulfilling it would look like.

That is not, *and could not*, be true of the condition here because the trial court gave no hint as to what type of treatment Hudson would have to complete. Nor is there any clue to be found in the record as to what type of treatment the court had in mind. For example, if Hudson's crimes were drug-related, or if the court identified drug treatment as appropriate, or even if the court placed the condition alongside other conditions concerning drugs, it might be reasonable to conclude the term was not vague because the parties understood the term to refer to drug treatment programs. The same could be said if the record showed Hudson had anger management or mental health issues which the court felt needed to be treated as a condition of probation. Here, there is nothing in the record to provide any explanation or context for the court's decision to order treatment. Indeed, given the open-ended nature of the condition, it is entirely possible the court

expected probation *not* to compel any treatment. If we can't tell what the court expected when it imposed this condition, we're hard-pressed to say it is "sufficiently precise for [Hudson] to know what is required of [her]." (*Reinertson*, *supra*, 178 Cal.App.3d at pp. 324-325.)

While we agree with *Penoli* that it is both legally permissible and often practically necessary for a trial court to delegate program selection to probation, the condition at issue here is so open-ended as to render it unconstitutionally vague. While a trial court need not notify a defendant of which *specific programs* they will be required to complete, it must, at the very least, provide notice as to what *category of treatment* they must complete. Accordingly, we remand to allow the trial court to modify the condition by specifying what type of treatment it had in mind when imposing the condition. At that point, Hudson may choose to object to a more specific condition on reasonableness grounds.

III

DISPOSITION

We remand to permit the sentencing court to modify the conditions requiring Hudson to "[r]eport any law enforcement contacts to the Probation Officer within 48 hours," and "[p]articipate [in] and complete at your expense any counseling, rehabilitation/treatment program deemed appropriate by [her] probation officer." The law enforcement contact condition should specify which contacts trigger the reporting requirement, or else strike the term entirely. The treatment condition should specify what

type of treatment the trial court directs Hudson to undergo, if any. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.