Filed 2/1/22  In re Graham CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| In re BREION BRESHARD KEYON GRAHAM<br><br>on Habeas Corpus. | E076779<br><br>(Super.Ct.No. BAF1801522)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Becky Dugan, Judge.  Petition is GRANTED.

Alan S. Yockelson, under appointment for the Court of Appeal, for Petitioner.

Matthew Rodriquez, Acting Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Nora S. Weyl, Deputy Attorneys General, for Respondent.

1

In this matter we are called upon to determine whether petitioner has stated adequate grounds to establish the constructive timely filing of a notice of appeal on petitioner's behalf under the authority of *In re Benoit* (1973) 10 Cal.3d 72, 86-89 (*Benoit*). Because petitioner has done so, we grant relief.

## STATEMENT OF THE CASE

After pleading guilty to one count of attempted murder (Pen. Code, §§ 664/187, subd. (a)) and admitting both a great bodily injury enhancement (Pen. Code, § 12022.7) and a use of a deadly weapon enhancement (Pen. Code, § 12022, subd. (b)(1)), on January 3, 2020, petitioner was sentenced to a term of 13 years in state prison.

Prior to entering his plea, petitioner informed his attorney about his mental and developmental disabilities and asked about "mental health court." However, counsel did not investigate. Because of his disabilities and based upon his counsel's promise to help him perfect his appeal, petitioner was then "defrauded" into taking a plea deal that he had rejected. Counsel promised to file an appeal, so petitioner did not immediately act on his own behalf, accounting for the initial part of the delay in seeking his appeal. Although the petition could have been more precise about the timing, when petitioner discovered that he did not have a pending appeal, he contacted his trial counsel to obtain his transcripts. Trial counsel had received more than one letter from petitioner prior to November 3, 2020, requesting a copy of his file.

On March 25, 2021, petitioner, on his own behalf and citing *Benoit*, filed a request for an order to file a late notice of appeal under the constructive filing doctrine, which has been construed to be a petition for a writ of habeas corpus. He attached a proposed notice of appeal and request for a certificate of probable cause. Petitioner's declaration in support of the writ indicates that he wished to file a notice of appeal but did not do so due to ineffective assistance of counsel surrounding the plea.

## DISCUSSION

California has long recognized that despite the jurisdictional nature of the requirement of a timely filing of a notice of appeal, in limited circumstances involving criminal cases, an otherwise late notice of appeal may be deemed to have been constructively filed for equitable reasons where the prisoner has acted diligently in attempting to prosecute an appeal and through no personal fault has been unable to do so in a timely manner. (*Benoit*, *supra*, 10 Cal.3d at pp. 83-89; *In re Martin* (1962) 58 Cal.2d 133, 139.) The Supreme Court has stated "the principle of constructive filing . . . embodies nothing more than a basis for judicial acceptance of an excuse for the appellant's delay in order to do justice." (*Benoit*, at p. 84.)

The Sixth Amendment of the United States Constitution guarantees to every criminal defendant the right to effective representation, which includes assistance in filing a timely notice of appeal if a defendant has requested an appeal, has demonstrated an interest in appealing, or if a rational defendant would have pursued an appeal. (*Roe v. Flores-Ortega* (2000) 528 U.S. 470, 477, 480 (*Flores-Ortega*).) Thus, when counsel's

3

actions relative to a criminal defendant's timely filing a notice of appeal fall below the standard of care, the principle of constructive filing has been held to apply. (*Benoit*, *supra*, 10 Cal.3d at pp. 86-87; *Flores-Ortega*, at p. 484.)

Appellant has stated that he told his attorney that he was interested in filing an appeal and asserts that he only accepted the plea agreement based upon counsel's representation that an appeal would be filed. Once petitioner discovered that no appeal had been filed, he was reasonably diligent in attempting to obtain his file, which he apparently believed was necessary to file the *Benoit* petition. He has therefore demonstrated that he is entitled to the relief requested.

In opposition, the People assert: (1) petitioner has not given an adequate explanation for the delay in filing this petition; (2) petitioner waived his right to appeal; and (3) petitioner's counsel declares that he did not ask her to file a notice of appeal. It is argued that each of these grounds demonstrates that petitioner is not entitled to the requested relief. We are not persuaded.

Petitioner's statement that he relied on counsel to file the appeal, and therefore was not immediately aware that no appeal was pending, plus his attempts to obtain a copy of his file upon discovering he had no appeal constitute an adequate explanation for the delay in filing the petition. And, although petitioner did waive appellate rights as part of his guilty plea, that does not preclude the possibility of all appellate remedies. (See *People v. Becerra* (2019) 32 Cal.App.5th 178, 188; *People v. Mumm* (2002) 98 Cal.App.4th 812, 815.) Consequently, counsel's obligations to petitioner concerning the

filing of an appeal are not eliminated by his waiver. (*Garza v. Idaho* (2019) 139 S.Ct. 738, 742.) Finally, because we resolve doubts as to the veracity of petitioner's allegations in these matters in favor of protecting the right to appeal (cf. *People v. Rodriguez* (1971) 4 Cal.3d 73, 79), counsel's declaration that petitioner did not request an appeal does not alter our conclusion.

Further, as petitioner has shown, even if he failed to specifically request that counsel file an appeal, he has provided information that demonstrates that he would have been interested in filing an appeal, triggering counsel's obligation to consult with him and determine his wishes. (*Flores-Ortega*, *supra*, 528 U.S. at p. 480.) Petitioner had mental health and developmental disability issues, and his request for mental health diversion was not acted upon. Petitioner made repeated attempts to resolve the matter before accepting the People's counteroffer, and also considered withdrawing his plea before choosing not to do so after an in-camera hearing in the court's chambers. There was, therefore, reason to think petitioner would want to appeal despite his guilty plea. Counsel's declaration does not demonstrate that she consulted with petitioner, as that term is defined in *Flores-Ortega*, at page 478, in an effort to determine what his wishes were with respect to an appeal. For purposes of applying the constructive filing doctrine, effective representation in this instance required that discussion.

## DISPOSITION

The petition for writ of habeas corpus is granted. Petitioner may serve and file a notice of appeal and, if necessary, request for certificate of probable cause in Riverside

County case No. BAF1801522 with the trial court clerk on or before 20 days from the date this opinion is filed. If he does so, the clerk of the trial court is directed to accept and file such documents.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.