Filed 9/22/17 (unmodified opinion attached)

CERTIFIED FOR PARTIAL PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MICHAEL BROOKS,<br><br>      Defendant and Appellant. | D070918<br><br><br><br>(Super. Ct. No. JCF36056) |

THE COURT:

Pursuant to Rule of Court, rule 8.1120(a), part 3 of the Discussion of the Opinion previously published and filed August 25, 2017, is ordered certified for publication.


HUFFMAN, Acting P. J.


Copies to: All parties

Filed 8/25/17 (unmodified version)

CERTIFIED FOR PARTIAL PUBLICATION[*]

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL BROOKS,<br><br>    Defendant and Appellant. | D070918<br><br><br><br>(Super. Ct. No. JCF36056) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge. Affirmed as modified.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting, Supervising

---

[*]     Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part 1, 2, and 3.

Deputy Attorney General, and Warren J. Williams, Deputy Attorney General for Plaintiff and Respondent.

The Imperial County District Attorney filed an information charging Michael Brooks with unlawful possession of ammunition (Pen. Code[1], § 30305, subd. (a)(1)) (count 1); possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a)) (count 2); and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) (count 3). As to count one, the information alleged that Brooks was prohibited from possessing a firearm as a result of a number of prior convictions.

After a preliminary hearing, Brooks entered into a plea agreement in which he pled no contest to count 1 and admitted one prison prior. The remaining counts and allegations were dismissed. Brooks agreed to a sentence of three years for the conviction plus one year for the prison prior, with the sentence to be suspended and Brooks to be placed on formal probation for three years. The terms of probation included serving one year in local custody and a "Fourth Amendment waiver."

The court's sentencing order set forth 29 terms of probation that were recommended in the probation officer's report. Brooks challenges three of those probation terms on appeal. He contends (1) the term requiring him to "participate in a counseling/educational program as directed by the probation officer" improperly delegates judicial decision-making power to the probation officer and is unconstitutionally vague, (2) the term requiring him to "follow all standard terms of

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

probation" fails to provide the notice required by due process and is unconstitutionally vague, and (3) the court erred in imposing the term requiring him to pay a drug testing fee under a county ordinance and Section 1203.1ab because Section 1203.1ab does not apply to his conviction of unlawful possession of ammunition. We agree with Brooks's contentions.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 17, 2016, while Brooks was on Post-Release Community Supervision, an Imperial County deputy sheriff conducted a probation check on Brooks's mobile home. The deputy found white powder in the bedroom on a nightstand and in a closet. The powder field-tested presumptively positive for methamphetamine. A backpack found in the closet contained three unspent .9 millimeter rounds of ammunition.

The deputy searched a closet in the hallway of the mobile home and found two safes. Inside one of the safes were six hypodermic needles containing a clear liquid that tested positive for methamphetamine. There was a B.B. gun and more methamphetamine inside the other safe. The deputy also found a type of glass pipe commonly used for smoking methamphetamine in a drawer in the bedroom.

Brooks' written plea agreement included the following language: "(**Appeal rights**) I give up my right to appeal . . . any sentence stipulated herein." Brooks's stipulated sentence under the agreement provided for formal probation for three years.

---

[2]     Brooks stipulated to the preliminary hearing transcript as the factual basis for his no contest plea.

3

The agreement also included the following "*Harvey* waiver":[3] "The sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence." Brooks filed his notice of appeal without obtaining a certificate of probable cause under Section 1237.5.[4]

## DISCUSSION

### 1. *Express Waiver and Failure to Obtain a Certificate of Probable Cause*

The People contend we should not reach the merits of Brooks's appeal because he did not obtain a certificate of probable cause under Section 1237.5 after entering his no contest plea and he waived the right to appeal his sentence as part of his plea agreement. We disagree.

An exception to the requirement of a certificate of probable cause to appeal from a judgment of conviction entered on a plea of guilty or no contest applies to appellate

---

[3]    A *Harvey* waiver is a defendant's agreement, as part of a plea bargain, to allow the sentencing court to consider facts supporting dismissed counts. (See generally *People v. Harvey* (1979) 25 Cal.3d 754, 758.) *Harvey* prohibits the court from considering dismissed counts absent the defendant's consent. (*People v. Munoz* (2007) 155 Cal.App.4th 160, 166-167.)

[4]    Section 1273.5 provides in relevant part that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

claims arising after the plea, including sentencing issues. (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) This exception is set forth in California Rules of Court, rule 8.304(b)(4)(B), which provides that a defendant need not obtain a certificate of probable cause under Section 1237.5 "(1) if the notice of appeal states that the appeal is based on: [¶] [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity."[5] The exception applies to Brooks's appeal because Brooks is challenging only probation conditions the court imposed after he entered his no contest plea; he is not challenging the validity of his plea.

Similarly, Brooks's express waiver of the "right to appeal . . . any sentence stipulated herein" does not preclude his appeal because he is not challenging his agreed sentence consisting of three years for the conviction plus one year for the prison prior, with the sentence to be suspended, and three years of formal probation. Rather he is challenging specific terms and conditions of his probation that the court imposed after he agreed to the sentence specified in the plea agreement.

As this court has observed, "[a] defendant may waive the right to appeal as part of a plea bargain where the waiver is knowing, intelligent and voluntary. [Citation.] A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. [Citation.] Thus, a waiver of

---

[5]    On Brooks's Judicial Council form notice of appeal, the box is checked that contains the statement:  "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

appeal rights does not apply to ' "possible future error" [that] is outside the defendant's contemplation and knowledge at the time the waiver is made.' " (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815 (*Mumm*), quoting *People v. Panizzon* (1996) 13 Cal .4th 68, 85; accord, *In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1160 [a general waiver does not preclude attacks on subsequent errors that are unforeseen or unforeseeable at the time the waiver was made].)

The defendant in *Mumm* "agreed to waive his right to appeal based on 'issues regarding prior allegations.' At the time [the defendant] made that waiver, the [trial] court had not yet determined whether his prior Arizona conviction was a strike within the meaning of the three strikes law. Because the issue of the Arizona conviction was unresolved at the time [defendant] entered his guilty plea, it fell 'outside of [his] contemplation and knowledge when the waiver was made.' " (*Mumm, supra,* 98 Cal.App.4th at p. 815, quoting *People v. Panizzon, supra,* 13 Cal.4th at p. 86.) Consequently, the court rejected the People's request to dismiss the appeal on the ground the defendant had expressly waived his right to appeal any issues regarding his prior conviction allegations.

In the present case although Brooks expressly waived his right to appeal his "stipulated sentence," we construe that language to apply to the terms of the stipulated sentence *specified in his plea agreement*. Brooks could not have knowingly waived the right to challenge unforeseen probation conditions that had not yet been imposed at the time of the plea agreement. Accordingly, we will address the merits of Brooks's appeal.

6

*2. The Requirement to Participate in A Counseling/Education Program "As Directed"*

As noted, the court's sentencing order lists 29 terms and conditions of probation. Term No. 3 states: "Defendant shall participate in a counseling/educational program as directed by the probation officer and not terminate said participation without the mutual consent of the probation officer and the program director." Brooks contends this term is unconstitutionally vague and violates the separation of powers doctrine by improperly delegating judicial decision-making power to the probation officer.

"[S]ection 1203.1, subdivision (j) gives a trial court the authority to impose reasonable conditions of probation 'as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' 'Trial courts have broad discretion to set conditions of probation in order to "foster rehabilitation and to protect public safety pursuant to . . . section 1203.1." ' " (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355) However, probation conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez* ).)

" 'The underlying concern of the vagueness doctrine is the core due process requirement of adequate notice.' " (*Lopez, supra,* 66 Cal.App.4th at p. 630, italics omitted.) A probation condition violates due process when it forbids or requires the doing of an act in terms so vague that a person of common intelligence must necessarily guess at its meaning. (*Ibid.*) A probate condition or law that is void for vagueness also

7

" ' "impermissibly delegates basic policy matters to [governmental agents] for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.*; see *People v. Cervantes* (1984) 154 Cal.App.3d 353, 361 [Section 1203.1 does not permit a court to place restitution within the sole discretion of the probation officer].)  To avoid a successful vagueness challenge, a probation condition " ' "must be sufficiently precise for the probationer to know what is required of him." ' " (*Lopez,* at p. 630.)  We review constitutional challenges to a probation condition de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)  We have the power to modify an unconstitutional probation condition "to render the condition constitutional."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.)

We agree with Brooks that the order requiring him to "participate in a counseling/educational program as directed by the probation officer" on its face is unconstitutionally vague and an improper delegation of judicial authority to the probation officer because it grants the probation officer unlimited discretion to choose *any* counseling or educational program, and thus was not sufficiently precise to provide notice to Brooks of the type of program he would be required to complete.

The People argue that the probation term in question was not unconstitutionally vague and did not improperly delegate judicial authority because the parties and the court were aware that the officer in his probation report recommended Brooks participate in a "drug and alcohol course."  Thus, Brooks knew from the probation report that he would be enrolled in drug and alcohol program of the probation officer's choosing.

8

The record supports the People's view that the parties and the court understood Probation Term No. 3 contemplated a drug and alcohol program. The probation report noted that Brooks began smoking marijuana at the age of 12 and began drinking alcohol at age 17. At the time of sentencing he smoked marijuana on a monthly basis and drank alcohol daily. Brooks told his previous probation officer in July 2016 that he had voluntarily entered a detoxification program because he had relapsed. The probation report stated that Brooks's "top three criminogenic needs were in the areas of: Drug/Use and Alcohol, Attitude/Behaviors and Residential." Thus, the probation officer ranked substance abuse as Brooks's number one criminogenic need. The report continued: "This officer will be recommending drug and alcohol terms. It is recommended the defendant enroll, partake and complete a drug and alcohol course. This officer will also be recommending the defendant be randomly drug tested to determine his sobriety."

At the sentencing hearing, Brooks's counsel objected to probation term No. 3, stating it was "vague and overbroad, specifically the unspecified counseling or education programs. I don't think that puts Mr. Brooks on notice about what is and is not required for potential counseling from probation." Counsel then challenged the imposition of a separate probation condition that would require Brooks to totally abstain from the use of alcohol, arguing it was unrelated to being in possession of ammunition. The prosecutor argued that the alcohol abstention condition was reasonable given Brooks's history of substance abuse.

The court commented that although the offense of unlawful possession of ammunition was not related to alcohol, "that's not the total [probation] analysis. The

9

analysis is look at the background and circumstances of the probationer. You want to fashion specific terms applicable to him to successfully complete probation. I think based upon his background—not the offense—the alcohol issue, substance abuse issues are significant for his successful completion of probation."

Thus, it is clear the court intended to impose probation terms and conditions that would address Brooks's longstanding problem with substance abuse. Probation term No. 3 is the only probation term that required Brooks's participation in a counseling or educational program, and the two terms immediately following it required him to abstain from possession and use of "any drugs, narcotics, or other illicit substances" (No. 4) and to abstain from alcohol use (No. 5). No type of program other than a drug and alcohol program was mentioned in the probation report or at the sentencing hearing. Because the record reflects that the court intended to require participation in a drug and alcohol program in ordering probation term No. 3, we will modify the term to clarify that intent.

3. *The Requirement to Follow "All Standard Terms" of Probation*

Probation term No. 9 states: "Defendant shall follow all standard terms of probation and reasonable orders of the probation officer." Brooks claims the first clause imposing "standard terms of probation" is unconstitutionally vague and fails to provide the notice required by due process.

We agree the language Brooks challenges is vague as to whether there are undisclosed "standard terms of probation" that the court did not articulate but that Brooks

is expected to follow.[6] We note that the court is empowered to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) Thus, any "standard terms of probation" imposed on Brooks are necessarily limited to those the court has determined to be "fitting and proper" in this case. The court's directive to "follow *all* standard terms of probation" (italics added) cannot be deemed to impose additional, unexpressed conditions. As noted, the probation officer recommended a comprehensive list of 28 terms of probation (excluding the general directive to "follow all standard terms") and the court imposed all 28, implicitly and necessarily finding them to be fitting and proper in Brooks's present case. The court's additional directive to follow "all standard terms of probation" was superfluous in light of the court's imposition of a thorough and exhaustive set of specific "standard terms" that the court determined to be appropriate. Accordingly, we will strike that condition from the sentencing order.

---

[6]  At the sentencing hearing, Brooks's counsel stated that his only objection to this probation term was that "I don't know what it means." The court responded, "I always wondered about that, what does that mean[?] How does somebody violate that? I'll ask probation to print out the list of what the standard terms and conditions are, reasonable orders are. I take your point."

11

*4. Drug Testing Fee*

Probation term No. 27 requires Brooks "to pay drug-testing fee in the amount of $7.00 per test" under a county ordinance and Section 1203.1ab.[7] Section 1203.1ab provides: "Upon conviction of any offense involving the unlawful possession, use, sale, or other furnishing of any controlled substance, as defined in Chapter 2 (commencing with Section 11053) of Division 10 of the Health and Safety Code, in addition to any or all of the terms of imprisonment, fine, and other reasonable conditions specified in or permitted by Section 1203.1, unless it makes a finding that this condition would not serve the interests of justice, the court, when recommended by the probation officer, shall require as a condition of probation that the defendant shall not use or be under the influence of any controlled substance and shall submit to drug and substance abuse testing as directed by the probation officer. If the defendant is required to submit to testing and has the financial ability to pay all or part of the costs associated with that testing, the court shall order the defendant to pay a reasonable fee, which shall not exceed the actual cost of the testing."

Brooks contends the court erred in imposing this term because unlawful possession of ammunition is not one of the offenses specified in Section 1203.1ab for which a drug testing fee may be imposed. The People argue that because

_____

7    The sentencing order erroneously identified Section 1203.1ab as "1203.1b(a)PC." Both parties represent that the county ordinance referenced in term No. 27 provides: "Pursuant to [Section] 1203.1ab, the county of Imperial establishes a drug testing fee of seven dollars ($7.00) per test. However, pursuant to statute, this amount may be adjusted by the probation department based on ability to pay."

12

methamphetamine was found in Brooks's home where the ammunition was located, his conviction of the ammunition offense "involved" a controlled substance within the meaning of Section 1203.1ab and the drug testing fee was therefore a proper probation term. The People additionally argue that Brooks's *Harvey* waiver allowed the court to consider the underlying facts of the dismissed drug possession charges, noting that Brooks expressly agreed "[t]he sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."

"In construing a statute, a court's objective is to ascertain and effectuate legislative intent. [Citation.] To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.) "If the statutory language is clear and unambiguous our inquiry ends. 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citations.] In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.] . . . Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation." (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103.)

We conclude that the plain meaning of Section 1203.1ab authorizes imposition of a drug testing fee only when the probationer has been convicted of a drug-related offense.

13

The statute authorizes imposition of the fee "[u]pon *conviction* of any offense involving the unlawful possession, use, sale, or other furnishing of any controlled substance." Given Brooks's *Harvey* waiver, the court could consider the dismissed drug offenses in ordering probation terms, and properly did so. For example, the court ordered Brooks to abstain from drug and alcohol use, to submit to drug and alcohol testing, and to not associate with known users or sellers of narcotics. However, under Section 1203.1ab, the court was authorized to impose the drug testing fee only for a *conviction* involving a controlled substance. Although the scope of Brooks's overall case and probation involved both unlawful possession of controlled substances and unlawful possession of ammunition, his sole *conviction* was for possession of ammunition, and that offense does not have any substantial nexus to the controlled substances.[8] Because Brooks was not *convicted* of any offense involving a controlled substance, the court was not authorized to impose the drug testing fee under Section 1203.1ab and the probation term ordering payment of that fee must be stricken.

## DISPOSITION

The judgment is modified as follows: Probation term No. 9 and probation term No. 27 are stricken from sentencing order dated August 17, 2016. Probation term No. 3 in the sentencing order is modified to state: "Defendant shall participate in a drug and alcohol counseling/educational program as directed by the probation officer and not

---

[8]     Thus, this is not like a case where a defendant commits a theft or robbery and drugs are the object of the crime.

14

terminate said participation without the mutual consent of the probation officer and the program director."  The judgment is affirmed as modified.

DATO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.