Filed 12/12/13; pub. order & mod. 1/7/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN PRESTON MASHBURN,<br><br>    Defendant and Appellant. | A138252<br><br>(Solano County Super. Ct. No. FCR294075) |

Defendant Brian Preston Mashburn pled no contest to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and the trial court placed him on formal probation for three years. He filed a notice of appeal purporting to challenge the denial of his Penal Code section 1538.5[1] motion to suppress evidence. Because appellant waived his right to appeal as part of his plea bargain and because he did not obtain a certificate of probable cause, this appeal must be dismissed.

BACKGROUND

In December 2012, appellant was charged by information with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count one) and possession of a device for smoking a controlled substance (*id.*, § 11364.1, subd. (a); count two).

In January 2013, appellant filed a motion to suppress evidence (§ 1538.5), which the trial court denied in March. Thereafter, appellant pled no contest to count one. A plea form reflects appellant's agreement to plead no contest to count one with a

---

[1]    All further undesignated section references are to the Penal Code.

1

maximum term of three years in jail.  Numbered paragraph 6 of the form is initialed "BM" and reads, "Even though I will be convicted in this case as a result of my plea, I have the right to appeal the judgment and rulings of the court.  [¶] **I give up my right of appeal.**"  (Boldface in original.)  Numbered paragraph 13, also initialed "BM," reads, "I declare that my attorney has read and explained this document to me, and I hereby freely and voluntarily, having full knowledge and understanding of the rights that I am giving up and the possible consequences which may result from my plea, do hereby request the Court to accept my new and different plea(s)."  The plea form was also signed by defense counsel, who averred she read and explained the document to appellant and was satisfied he understood the consequences of the plea and made his decision to plead "only after a full discussion with [her] of the facts and the law of this case."

The trial court accepted appellant's plea and found that appellant was fully informed of his rights and that his waivers were knowing, intelligent, and voluntary.  The court dismissed count two and a separate criminal case on the prosecutor's motion, and placed appellant on three years' formal probation with imposition of sentence suspended, a time-served jail term, and Proposition 36 treatment.

Appellant filed a notice of appeal based on the denial of his motion to suppress.  The record contains no certificate of probable cause.

DISCUSSION

Appellant contends the trial court erred in denying his motion to suppress.  He also contends he did not knowingly and intelligently waive his right to appeal and any such waiver did not encompass his challenge to the denial of the motion to suppress.  Respondent contends the present appeal must be dismissed because appellant challenges the enforceability of the waiver of appeal that was part of his plea bargain, and appellant failed to obtain a certificate of probable cause.  We agree the appeal must be dismissed.

I. *The Requirement of a Certificate of Probable Cause*

Under section 1237.5, a defendant generally may not appeal from a judgment of conviction following a guilty or no contest plea, unless he files with the trial court a statement "showing reasonable, constitutional, jurisdictional, or other grounds going to

2

the legality of the proceedings" (§ 1237.5, subd. (a)), and the trial court executes and files "a certificate of probable cause for such appeal with the clerk of the court" (§ 1237.5, subd. (b)). (See also *People v. Maultsby* (2012) 53 Cal.4th 296, 299 (*Maultsby*); *People v. Cole* (2001) 88 Cal.App.4th 850, 859-860 (*Cole*); Cal. Rules of Court, rule 8.304(b).)**2** "The purpose of section 1237.5 is practical and salutary: 'to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas,' and to do so ' "before time and money is spent preparing the record and the briefs for consideration by the reviewing court." ' [Citation.] The requirements of section 1237.5 . . . must be strictly applied. [Citation.] The Supreme Court has disapproved the practice of applying the rule loosely in order to reach issues whose consideration would otherwise be precluded. [Citation.]" (*Cole*, at p. 860, fn. omitted; see also *Maultsby*, at pp. 298-299.)

The law recognizes an exception to the section 1237.5 certificate requirement. This exception, stated in rule 8.304(b)(4), permits an appeal without a probable cause certificate if the appeal is based on "[t]he denial of a motion to suppress evidence under . . . section 1538.5" or "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (See also *Maultsby*, *supra*, 53 Cal.4th at p. 299; *Cole*, *supra*, 88 Cal.App.4th at p. 860 [citing to former rule 31(d)].)

II. *Application of the Certificate Requirement in the Present Case*

Although the notice of appeal in the present case states it is based on denial of appellant's section 1538.5 motion to suppress, " 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section

---

**2** All rules references are to the California Rules of Court.

1237.5. [Citation.]' [Citation.]" (*People v. Buttram* (2003) 30 Cal.4th 773, 781-782 (*Buttram*); see also *People v. Panizzon* (1996) 13 Cal.4th 68, 76 (*Panizzon* ).)

In *Panizzon*, *supra*, 13 Cal.4th 68, the defendant agreed to a plea bargain that called for him to receive a specified sentence and the prosecution agreed to dismiss several charges. (*Id.* at p. 73.) After the defendant was sentenced to the negotiated term, he appealed without first obtaining a certificate of probable cause, contending the sentence violated the federal and state prohibitions against cruel and unusual punishment. (*Id.* at p. 74.) The Supreme Court concluded that, since the defendant was "in fact challenging the very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5." (*Panizzon*, at p. 73; see also *id.* at p. 78 ["by contesting the constitutionality of the very sentence he negotiated as part of the plea bargain, [the] defendant is, in substance, attacking the validity of the plea"].) The Supreme Court dismissed the appeal because the defendant did not obtain a certificate of probable cause. (*Id.* at pp. 89-90.)

In contrast, in *Buttram*, *supra*, 30 Cal.4th 773, the Supreme Court considered a situation where the defendant pled guilty to felony drug charges in return for an agreed maximum sentence. (*Id.* at p. 776.) The defendant then appealed the trial court's denial of diversion and imposition of the maximum term. (*Ibid.*) The Supreme Court held the defendant was *not* required to obtain a certificate of probable cause because, "absent contrary provisions in the plea agreement itself, a certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence. Such an agreement, by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be." (*Id.* at pp. 790-791.)

*Buttram* is helpful in the present case because the Supreme Court expressly noted that the defendant did not, in pleading guilty, waive his right to appeal as to sentencing.

4

(*Buttram*, *supra*, 30 Cal.4th at pp. 777-778, 787.) Justice Baxter, who authored *Buttram*, wrote in a separate concurring opinion: "A prime reason why we conclude here that defendant Buttram may take his appeal without a certificate, and that the Court of Appeal must address it on the merits, is that Buttram's plea is *silent on the appealability* of the trial court's sentencing choice. [¶] Yet it is well settled that a plea bargain may include a waiver of the right to appeal." (*Id.* at p. 791.) If the plea bargain had included an express waiver of appeal, "an attempt to appeal the sentence notwithstanding the waiver would necessarily be an attack on an express term, and thus on the *validity*, of the plea. [Citation.] A *certificate of probable cause* would therefore be necessary to make the appeal 'operative,' and in the absence of a certificate, the superior court clerk would not be put to the time and expense of preparing a record on appeal. [Citation.] If a record were nonetheless prepared and transmitted, the Court of Appeal could still dismiss the appeal for lack of a certificate, without having to address its merits." (*Id.* at p. 793.) Finally, in language directly applicable to the present case, Justice Baxter pointed out that "An attempt to appeal the *enforceability* of the *appellate waiver itself* (for example, on grounds that it was not knowing, voluntary, and intelligent, or had been induced by counsel's ineffective assistance) would not succeed in circumventing the *certificate* requirement. This is because, however important and meritorious such a challenge might be, it too would manifestly constitute an *attack on the plea's validity*, thus requiring a certificate in any event." (*Ibid.*)

Appellant contends *Panizzon* is inapposite because that case did not involve an appeal from denial of a motion to suppress, which is authorized under section 1538.5, subdivision (m). However, under the reasoning of *Panizzon* and Justice Baxter's concurrence in *Buttram*, *supra*, 30 Cal.4th 773, the substance of the appeal in the present case is a challenge to the validity of the waiver of the right to appeal in the plea bargain and, thus, the plea itself. (*Id.* at p. 793.) Appellant's challenge to the denial of his motion to suppress may only be heard if the waiver of the right to appeal is unenforceable, which is an issue regarding which appellant was obligated to obtain a certificate of probable cause. (*Ibid.*)

DISPOSITION

The appeal is dismissed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

# CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,** | **A138252** |
| **Plaintiff and Respondent,** | **(Solano County Super. Ct. No. FCR294075)** |
| v. | |
| **BRIAN PRESTON MASHBURN,** | **ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION** |
| **Defendant and Appellant.** | |

THE COURT:

It is ordered that the opinion filed on December 12, 2013, be modified as follows:

On page 1, the first full paragraph beginning "Defendant Brian Preston Mashburn pled" is deleted and the following paragraph is inserted in its place:

> A defendant who pleads guilty is entitled to appeal the trial court's denial of a motion to suppress evidence under Penal Code section 1538.5[1] without obtaining a certificate of probable cause. In this case, however, defendant agreed as part of his plea bargain to give up his right of appeal. We conclude that due to this waiver, the ruling on the suppression motion may not be appealed without first obtaining the requisite certificate. Accordingly we dismiss the appeal.
>
> _____
> [1] All further undesignated section references are to the Penal Code.

The opinion in the above-entitled matter, filed on December 12, 2013, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official reports.

7

Superior Court of Solano County, No. 30598, Elliott Lee Daum, Judge.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Laurence B. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.