Filed 6/17/14  P. v. Moralez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER MORALEZ,<br><br>          Defendant and Appellant. | A140774<br><br>(Napa County<br>Super. Ct. No. CR167776) |

### INTRODUCTION

In this case, defendant Christopher Moralez entered a no contest plea to an amended complaint filed by the Napa County District Attorney.  His appellate counsel has made an independent review of the proceedings below and concluded the record reflects no meritorious claims for appeal.  According to counsel's declaration, he has advised defendant of his conclusion and that he may file supplemental papers raising issues he believes merit appellate review.  Moralez has not filed such pleadings.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 118-119 and *People v. Wende* (1979) 25 Cal.3d 436, counsel asks the court to conduct an independent review of the record.  We have done so and find no issues meriting further appellate consideration.

### STATEMENT OF THE CASE

In an amended complaint filed November 8, 2013, Christopher Moralez and co-defendant Benjamin Hoogland were charged with felony manufacturing a controlled substance other than PCP (Health & Saf. Code, § 11379.6, subd. (a)), felony possession of marijuana for sale (Health & Saf. Code, § 11359), felony cultivating marijuana (Health

1

& Saf. Code, § 11358), felony possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), misdemeanor diversion or obstruction of water flow (Fish & G. Code, § 1602), and misdemeanor polluting a stream (Fish & G. Code, § 5650). On the same date, appellant pleaded not guilty to all charges.

On November 12, 2013, appellant pleaded no contest to possession of concentrated cannabis and diversion or obstruction of water flow. In exchange for the pleas, the district attorney dismissed the remaining charges. Under the plea agreement, defendant was to receive a suspended imposition of sentence; he would be placed on formal probation for three years and serve 108 days in the county jail with credit for all time served. He would also forfeit $20,000 of the funds seized by law enforcement pursuant to Health and Safety Code section 11470, subdivision (f), and an additional amount of $10,000 was to be returned to appellant.

Additional fines and penalties were imposed. Appellant was to pay a booking fee of $180, a restitution fine of $280 pursuant to Penal Code section 1202.4, subdivision (b), a probation revocation restitution fine in the same amount under Penal Code section 1202.45, a $140 fine which "includes all penalty assessments and mandatory fees," and attorney fees of $300.

Appellant filed timely notice of appeal on January 10, 2014. His application for a certificate of probable cause was denied by the trial court on January 31, 2014.

**STATEMENT OF FACTS**

In this case, there was no probation report prepared. The facts are not summarized in any document. There was no preliminary hearing because the no contest plea was entered before the hearing. The only available statement of facts is found in the arrest complaint prepared on September 20, 2013. It states the following: "On 9/18/2013, NSIB agents served a search warrant on a rural property in eastern Napa Co[unty] associated w/ [Moralez]. During the search, agents located 72 marijuana plants under

2

cultivation, marijuana, and evidence of BHO honey oil manufacturing. [Moralez] was located today in Vacaville at the Comfort Inn & Suites, room 215."

## DISCUSSION

In this case, there was no motion to suppress filed. Therefore, the validity of the search warrant and its execution is not before us. There is no certificate of probable cause, hence the plea procedure is not challenged here. (*People v. Marsh* (1984) 36 Cal.3d 134, 140; *People v. Johnson* (2009) 47 Cal.4th 668, 676; *People v. Mashburn* (2013) 222 Cal.App.4th 937, 941.) We have found no basis for any legal challenge of this matter.

## DISPOSITION

We therefore affirm the judgment.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P.J.

_____
Banke, J.

3