Filed 6/5/15  P. v. Richard CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERNEST WILLIAM RICHARD III,<br><br>Defendant and Appellant. | F068450<br><br>(Tuolumne Super. Ct.<br>No. CRF41617)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

Appellant/defendant Ernest William Richard III pleaded guilty to second degree burglary with a prior strike conviction and was sentenced to 32 months. On appeal, his appellate counsel filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) By letter on April 24, 2014, we invited defendant to submit additional briefing. Defendant has filed a letter brief and claims he was innocent of the charge. We affirm.

## FACTS[1]

On July 6, 2013, defendant and Brook Walsh entered the Save Mart grocery store in Sonora. They selected several items, placed them in the cart, and rolled the cart out of the store without paying. Defendant returned to the store, grabbed several grocery bags, and walked out. Defendant and Walsh placed the stolen goods into the grocery bags, put the bags in the cart, and walked down the street.

Officer Khalil and Sergeant Vanderwiel responded to the scene. Officer Khalil asked Walsh why she stole from Save Mart. Walsh pointed to a large bag of dog food and a 12-pack of orange soda, and said she stole those items but paid for everything else. Officer Khalil could smell the odor of an alcoholic beverage from Walsh's breath, and he noticed her eyes were red and watery.

Sergeant Vanderwiel spoke to defendant, who denied any involvement in any crime. Defendant was carrying a backpack that contained several food items in new condition, including iced coffee drinks that were still cold to the touch. Once all the items were removed from the backpack, there was no personal property remaining, which indicated defendant brought an empty backpack to the store.

---

[1] The following facts are from the prosecutor's statement of the factual basis for the plea, and the probation report.

**Procedural History**

On July 9, 2013, a complaint was filed in the Superior Court of Tuolumne County, charging defendant and Walsh with count I, felony second degree commercial burglary (Pen. Code, § 459);[2] and count II, misdemeanor unlawful shopping cart activity (Bus. & Prof. Code, § 22435.2), with one prior strike conviction (§ 667, subds. (b)–(i)) and two prior prison term enhancements (§ 667.5, subd. (b)).

On July 19, 2013, defendant waived a preliminary hearing, and the complaint was deemed an information. Defendant pleaded not guilty.

On August 19, 2013, defendant pleaded guilty to count I and admitted the prior strike conviction pursuant to a negotiated disposition for 32 months in prison, a waiver of his right to appeal, and dismissal of the remaining charges.

On September 16, 2013, defendant was sentenced to the lower term of 16 months in prison for count I, doubled to 32 months as the second strike term. The court awarded defendant 144 days of credit, based on 72 actual days and 72 days of conduct credits.

On November 14, 2013, defendant filed the notice of appeal based on the validity of the plea. He requested a certificate of probable cause and claimed his attorney forced him to "take the deal." The superior court denied his request.

On December 11, 2013, this court advised defendant that it was considering dismissing his appeal given the denial of his request for a certificate of probable cause. Defendant filed a response.

On December 27, 2013, this court construed defendant's response as a motion to amend his notice of appeal to be based on the sentence or other matters not challenging the validity of the plea or admission, and granted the motion.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

On April 23, 2014, the superior court filed an amended abstract of judgment which corrected defendant's credits to a total of 148 days, based on 74 actual days and 74 conduct credits.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. In response to this court's notice, defendant filed a letter and claims he was "unduly wronged" because he did not steal anything. We note defendant waived his appellate rights as part of his plea, and he failed to obtain a certificate of probable cause. (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 943–944.)

After further independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] Nothing in this opinion precludes defendant from filing a petition in the superior court under section 1170.18 (Prop. 47), if applicable.