Filed 6/25/15  P. v. Reyna CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>GABRIEL REYNA,<br><br>     Defendant and Appellant. | F068551<br><br>(Kings Super. Ct. No. 12CM7587)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna Tarter, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Kane, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Gabriel Reyna, a state prison inmate, pleaded no contest to assault with force likely to produce great bodily injury on another inmate and was sentenced to four years pursuant to a negotiated disposition. On appeal, his appellate counsel filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) By letter on April 10, 2014, we invited defendant to submit additional briefing.

Defendant has filed a letter brief and claims that, as part of the negotiated disposition, he was supposed to receive "half time" conduct credits while serving the four-year term; he entered into the plea based on that promise; the court refused to order enforcement of that promise; and he is entitled to specific performance of the terms of the plea. As we will explain, the superior court repeatedly advised defendant he was not entitled to earn half-time credits, and it could not make such an order as an element of the plea. The court offered him the opportunity to withdraw his plea, and he decided not to do so. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On August 15, 2012, defendant was an inmate serving a prison term at Corcoran State Prison. He assaulted Michael Alderette, another inmate, by "kneeing" him in the stomach with force likely to produce great bodily injury.[1]

On October 22, 2012, a complaint was filed in the Superior Court of Kings County charging defendant with assault with a deadly weapon on another inmate, a sharp instrument (Pen. Code, § 4501),[2] with a great bodily injury enhancement (§ 12022.7), one prior strike conviction, and two prior prison term enhancements.

---

[1] The facts are from the prosecutor's statement of the factual basis for defendant's plea.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

**Defendant's plea**

On September 30, 2013, the court convened a hearing and defense counsel stated that a negotiated disposition had been reached. Defense counsel said the prosecutor would amend count I to allege defendant committed an assault upon another inmate with force likely to commit great bodily injury and would dismiss the sharp instrument allegation, the great bodily injury enhancement, and the prior conviction allegations. Defendant would receive the stipulated midterm of four years. The prosecutor concurred about the terms.

Defense counsel advised the court that defendant had prepared a letter about "whether or not he receives any custody credits." Counsel stated:

> "Currently in CDC[R] [defendant] is not receiving custody credits due to his validation status as a gang member. And that, as I've advised him, is a writ procedure to be dealt with through CDC[R], that this Court has no power to order any particular sentence credit scheme. And that is why we are now resolving the matter with what could potentially be half time credits, depending upon what CDC[R] does and his housing status and his conduct."

The court confirmed that defendant was currently serving a prison sentence and advised defendant the four-year term he was about to receive as a result of his plea would be fully consecutive to the term he was already serving. Defendant replied, "Okay."

The court addressed defendant's possible time credits:

> "THE COURT:     You would not be entitled to any time credits because … you're already serving time on another case. Now you seem to have some disputes about that other case; that is not before the Court, the Court has no jurisdiction to address that; do you understand that?

> "THE DEFENDANT:     No, I understand that. The only thing, what I'm saying regarding this case right here is is it going to be the 80 or –

> "[DEFENSE COUNSEL]:  It will be half-time eligibility. However, as—

3.

"THE COURT:	It's fully consecutive so you're going to finish your sentence—

"THE DEFENDANT:	Yes.

"THE COURT:	--in your current case. Then you'll start serving this case.

"THE DEFENDANT:	But I'm eligible to get the half-time off this case, correct?

"THE COURT:	Once you begin serving time in this case.

"THE DEFENDANT:	Yes.

"THE COURT:	Yes.

"[DEFENSE COUNSEL]:  And I think this issue was the CDCR has classified [defendant] denies him any custody credits.

"THE COURT:	And that would be—that's up to CDC[R]. *You're entitled to—you may be entitled to receive that. But depending upon your status in the prison, they are the ones that—that you may not get the 50 percent credit, depending upon your status in the prison.*

"THE DEFENDANT:	*Okay, my concern is all this is going to be indicated on record, right, that I'm eligible for the half-time on this case.*

"THE COURT:	*Right. I'm not promising that you'll get that.*

"THE DEFENDANT:	*Yes.*

"THE COURT:	*Do you understand that there's no promise that you'll get the 50 percent. You're eligible for it.*

"THE DEFENDANT:	Because of the [section] 2933.6.

"THE COURT:	Right.

"[DEFENSE COUNSEL]:  Correct. And I've—what I've explained to [defendant] is any irregularities with his sentence credit once he starts serving this term has to be dealt with through a writ procedure and it really has nothing to do with this Court at this time.

"THE COURT:	Right. Do you understand that …?

"THE DEFENDANT:     *I understand that.*

"THE COURT:     Any other questions?

"THE DEFENDANT:     No, your Honor."  (Italics added.)

The court advised defendant of his constitutional rights and the consequences of his plea.  Defendant said he understood and waived his rights, including waiver of the right to an appeal.  The court asked defendant if he had any questions, and defendant said no.

Thereafter, defendant pleaded no contest to a violation of section 4501, assault with force likely to produce great bodily injury while confined in a state prison on another inmate.  The court dismissed the enhancement and prior conviction allegations.

## Sentencing

At the same hearing, defendant waived a probation report, and the court turned to the sentencing.  Defense counsel again advised the court about defendant's letter regarding half-time credits, "which we've already discussed at the beginning before the plea."  Counsel said defendant wanted the court to know about his concerns, which he had already stated.

The court asked defendant if there was anything else he wanted to say, and defendant again raised the credit issue.

"[THE DEFENDANT]:     Well, my thing was that *I wanted to get sentenced to the—well, to the 50 percent*, because CDCR won't give me the half-time.

"THE COURT:     *Okay, you have to understand that time credits are not negotiated.*  It is what it is.  If you're entitled to it you receive it.  This crime that you have pled to, you're entitled to receive 50 percent.  You're eligible for that.  I guess entitlement is not correct, it is *you're eligible to receive 50 percent.*

"THE DEFENDANT:     *But, see, it's part of the plea bargain—*

"THE COURT:     *No, okay, then there's no plea bargain.  And I will allow you to withdraw your plea.  It's not an entitlement, it's you're*

*eligible. Okay? So that—you need to understand the difference between an entitlement and eligibility. And if it's—you are not entitled to it, you are eligible for it, and if you think that you are entitled to it, then I'll allow you to withdraw your plea and you can go to trial. So does that—do you understand what the Court is saying*?

"THE DEFENDANT:     *Yes, I do*.

"THE COURT:     And I apologize, I used the wrong term by saying entitlement, it is not an entitlement it is an eligibility. *Okay, what that means is that you could get 50 percent, but if by the rules of the state, of the prison, and they restrict that, and there's a regulation that says they can do that, then they will do that*."  (Italics added.)

Defense counsel explained that defendant wanted the court to calculate his credits and "sentence him to the actual time he would be serving." Counsel said he explained to defendant that was not within the court's discretion, and the court agreed that it would not do that.

"THE COURT:     Do you understand that? And I think we went over this. You are not going to get any time credits in this case. So far. You have to finish the sentence that you're currently serving. Then you can start serving—you will be serving this four year term and you're eligible to receive 50 percent.

"THE DEFENDANT:     No, I understand that.

"THE COURT:     Okay, with that understanding, did you want to go forward with the sentencing and have the plea stand?

"THE DEFENDANT:     Yes, that's fine, your Honor."

The court denied probation and sentenced defendant to the midterm of four years, to run fully consecutive to the sentence he was already serving. The court stated defendant was not entitled to receive any time credits "in this case because he's already serving time in another case." Defense counsel asked the court to clarify that defendant was not eligible "for credits served already" because he was currently serving another term. The court said yes, and defendant said he understood.

On November 20, 2013, defendant filed a notice of appeal and requested a certificate of probable cause based on the claim that part of the plea was for half-time credits; he was forced to take the plea without that condition; and he was entitled to specific performance of the plea agreement. The court denied his request.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. In response to this court's notice, defendant submitted a letter brief and asserts the terms of his plea bargain were violated.

Defendant contends he pleaded to a specific charge and sentence, and he was promised "specific benefits," which included that he would earn half-time credits on a four-year term. He decided to accept the plea bargain based on this promise, but the court and CDCR modified the agreement without his consent to eliminate the promise for half-time credits.

Defendant asserts he notified the court that CDCR would not give him half-time credits because of his gang classification; the court could have addressed this problem at the hearing; the court declined to exercise its discretion to do so; and it failed to reject the plea agreement. Defendant complains he "had to take the plea" with the "unfavorable circumstance" of not receiving half-time credits or face a possible longer sentence after a trial.

Defendant states that contrary to the court's statements about eligibility and entitlement, he was "entitled" and had an "absolute right" to receive half-time credits as an element of his plea bargain. Defendant asserts this court must enforce the plea agreement and issue an order for specific performance of all the terms. In the alternative, defendant suggests the matter be remanded for the court to resentence him to two years "without credit, flat time" which would ensure that his sentence would be in accordance with the plea agreement and meet his classification requirements.

7.

We note defendant waived his appellate rights as part of his plea, and he failed to obtain a certificate of probable cause. (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 943-944.) In any event, his claims are completely refuted by the record. Defendant essentially asserts that the plea agreement was that he would earn half-time credits on a four-year stipulated term, so that he would only serve two years. As we have explained above, this premise is clearly refuted by the record of the plea and sentencing hearing. The court repeatedly advised defendant that he was "eligible" to earn 50 percent credits as a result of his plea, but he was not entitled to these credits, and the court could not order a particular credit formula as part of the plea. Defense counsel explained that he had also advised defendant of this situation given his gang-classification status.

After giving these lengthy explanations about the credit issue, the court gave defendant the opportunity on two occasions to withdraw his plea. Defendant said he understood the court's explanations about the credits, and he declined to withdraw his plea.

A defendant's guilty plea and waiver of constitutional rights must be knowing, intelligent, and voluntary—"made with a full awareness of the nature of the right being waived and the consequences of the waiver…." (*People v. Smith* (2003) 110 Cal.App.4th 492, 500.) Defendant was well aware of the distinction between his "eligibility" and "entitlement" to half-time credits; he declined the court's offer to withdraw the plea; and he decided to accept the four-year stipulated term without any guarantees about the amount of conduct credits he would earn. "A plea may not be withdrawn simply because the defendant has changed his mind. [Citation.]" (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) "Postplea apprehension (buyer's remorse) regarding the anticipated sentence, even if it occurs well before sentencing, is not sufficient to compel the exercise of judicial discretion to permit withdrawal of the plea of guilty. [Citation.]" (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

After further independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **<u>DISPOSITION</u>**

The judgment is affirmed.