Filed 1/22/24  P. v. Bocksberger CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIRK ALLEN BOCKSBERGER,<br><br>    Defendant and Appellant. | D083000<br><br><br><br>(Super. Ct. No. FWV22002261) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Corey G. Lee, Judge.  Dismissed.

David Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General for Plaintiff and Respondent.

Defendant Kirk Allen Bocksberger appeals from a judgment after he entered into an agreement to plead no contest to one count of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).  As part of his plea

agreement, Bocksberger waived, among other things, his right to appeal from any motion he had filed and from his judgment. He filed a notice of appeal based on the trial court's denial of his section 1538.5 motion to suppress evidence and requested a certificate of probable cause from the trial court. That court noted that a certificate of probable cause was not needed.

On appeal, Bocksberger contends: (1) he did not knowingly waive his right to appeal from the denial of his section 1538.5 motion; (2) that waiver was not made part of his plea agreement; (3) he should be allowed to withdraw his plea because he was denied effective assistance of counsel in waiving his right to appeal; (4) his waiver of his right to appeal the denial of his section 1538.5 motion is contrary to public policy; (5) the trial court erred by denying his section 1538.5 motion; and (6) his incriminatory statements must be suppressed because they resulted from a custodial interrogation without warnings required by *Miranda v. Arizona* (1966) 384 U.S. 436.

In their respondent's brief, the People argue that because Bocksberger waived his right to appeal from any motions he filed and from his judgment, he cannot appeal the denial of his section 1538.5 motion or otherwise appeal the judgment. In particular, the People argue that because he did not request or obtain a certificate of probable cause as to the validity of his waiver of the right to appeal, he cannot challenge on appeal the validity of that waiver and his appeal must be dismissed.

As explained below, we agree with the People and therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On July 4, 2022, City of Ontario policer officer Martin Rodriguez made a traffic stop of a vehicle driven by Bocksberger. During the stop, Rodriguez found a loaded shotgun in the vehicle's trunk and ammunition in its backseat

2

and trunk. An information charged Bocksberger with one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and one count of being a felon in possession of ammunition (§ 30305, subd. (a)(1)).

He filed a section 1538.5 motion to suppress evidence obtained during the traffic stop of his vehicle. The trial court denied his motion.

Subsequently, Bocksberger entered into a plea agreement and pled no contest to one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1)). In his plea agreement, Bocksberger, among other things, waived his right to appeal from any motion he had brought and from the judgment.

The trial court imposed the lower term of 16 months in prison and, based on his presentence custody credits, he was immediately released.

Bocksberger filed a notice of appeal and requested that the trial court issue a certificate of probable cause as to the denial of his section 1538.5 motion to suppress. The court neither granted nor denied his request, noting that a certificate of probable cause was not needed.

## DISCUSSION

### *Bocksberger Was Required to Request, and Obtain, a Certificate of Probable Cause as to the Validity or Enforceability of His Plea Agreement and/or Waiver of His Right to Appeal as a Prerequisite to Challenging the Denial of His Section 1538.5 Motion*

At the outset, we address the People's assertion that for Bocksberger to challenge on appeal the denial of his section 1538.5 motion to suppress, he was first required to request, and obtain, a certificate of probable cause from the trial court as to the validity or enforceability of his plea agreement and/or his waiver of the right to appeal the denial of that motion. The People argue that, absent such a certificate of probable cause, he cannot challenge the validity or enforceability of his plea agreement and/or his waiver of his right

3

to appeal, which waiver precludes us from addressing the merits of his section 1538.5 contention and requires that we dismiss his appeal. We agree with the People's position.

A

On October 14, 2022, Bocksberger entered into a written plea agreement with the prosecution pursuant to which he agreed to plead no contest to one count of being a felon in possession of a firearm in exchange for a recommendation of the lower term sentence of 16 months and dismissal of the other count. In his written plea agreement, Bocksberger declared under penalty of perjury, among other things, that: "My lawyer has explained everything on this Declaration to me, and I have had sufficient time to consider the meaning of each statement. I have personally placed my initials in certain boxes on this Declaration to signify that I fully understand and adopt as my own each of the statements which correspond to those boxes." One of the boxes that he initialed was adjacent to his declaration that stated: "*I waive and give up any right to appeal from any motion I may have brought* or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain." (Italics added.) His defense counsel also declared that he had "personally read and explained the contents of the . . . Declaration to [Bocksberger]."

At the hearing on his plea agreement, Bocksberger orally confirmed that he had "personally place[d] his initials after reading, understanding, and discussing each paragraph with [his] attorney," and that he understood he was giving up his rights to a jury trial, to confront witnesses, and to remain silent. He also confirmed that he "had enough time to discuss [his] case with [his] attorney, including all [his] rights, potential defenses, penalties, punishments, and future consequences as a result of entering this plea." At

4

the hearing, his counsel represented she had adequate time to discuss "all these issues" with him, she had discussed the declaration and plea form with him, and she was satisfied he "understands everything on the form."

The trial court then found that Bocksberger had read and understood his declaration and plea agreement and accepted his plea of no contest to the section 29800, subdivision (a)(1) charge. The court then sentenced him to 16 months in prison and, based on his presentence custody credits, he was immediately released on parole.

Five days later, Bocksberger's counsel filed a notice of appeal on his behalf, stating: "This appeal is based on the denial of a motion to suppress evidence under . . . section 1538.5." The notice of appeal included a request that the trial court issue a certificate of probable cause as to his challenge to its denial of his section 1538.5 motion to suppress.[1] The trial court did not check the box to either grant or deny his request for a certificate of probable cause and noted that a certificate was "[n]ot needed."

---

[1] The request stated in full: "I request a certificate of probable cause. The reasonable constitutional, jurisdictional, or other grounds going to the legality of the guilty plea, no-contest plea, or probation violation admission proceeding are (specify): [¶] The Superior Court denied Mr. Bocksberger's Motion to Suppress Evidence pursuant to . . . section 1538.5. Based on the denial of said motion, Mr. Bocksberger subsequently entered a plea of no contest. As Mr. Bocksberger's attorney, I wrote, filed, and litigated the Motion to Suppress Evidence. It is my information and belief based on the evidence and testimony deduced at the evidentiary hearing that Mr. Bocksberger's right to be free from unlawful searches and seizures were violated. It is my further belief that Mr. Bocksberger was subjected to an unlawful and prolonged detention. It is defense's position the Court abused [its] discretion in the denial of Mr. Bocksberger's Motion to Suppress Evidence. As such, I request a certificate of probable cause based on the Constitutional violations."

5

B

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . , except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

In general, a certificate of probable cause is not required to challenge on appeal an order denying a section 1538.5 motion to suppress. (Cal. Rules of Court, rule 8.304(b)(2)(A).) However, if a defendant has agreed to enter a plea of guilty or nolo contendere and that agreement includes a waiver of the right to appeal or, in particular, a waiver of the right to appeal the denial of a section 1538.5 motion, a certificate of probable cause as to the validity or enforceability of that waiver is required to pursue an appeal.

Rule 8.304(b)(1)(A) states: "To appeal from a superior court judgment after a plea of guilty or nolo contendere . . . on grounds that affect the validity of the plea . . . , the defendant must file in that superior court—with the notice of appeal . . .—the written statement required by . . . section 1237.5 for issuance of a certificate of probable cause." In *People v. Jones* (1995) 10 Cal.4th 1102 (*Jones*), our Supreme Court stated: "[S]ection 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant has obtained a certificate of probable cause . . . ." (*Id.* at p. 1112, fn. 5; see also, *People v. Panizzon* (1996) 13 Cal.4th 68, 73 ["Since the challenge attacks an integral part of the plea, it is, in substance, a challenge to the validity of the plea, which requires

6

compliance with the probable cause certificate requirements of section 1237.5 and [the applicable rule of the California Rules of Court].”].)

"[W]hen a defendant waives the right to appeal as part of a plea agreement, and the waiver's terms encompass the issue the defendant wishes to raise, the defendant must obtain a certificate of probable cause to avoid dismissal of the appeal.  With a certificate of probable cause in hand, the defendant may argue that the waiver is not enforceable as to the issue raised, whether because the waiver was not knowing and intelligent or for some other reason." (*People v. Espinoza* (2018) 22 Cal.App.5th 794, 803 (*Espinoza*).)  In particular, one court stated that when a defendant has waived his or her right to appeal, "the ruling on the [section 1538.5] suppression motion may not be appealed without first obtaining the requisite certificate [of probable cause]." (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 940 (*Mashburn*).)  In that context, *Mashburn* concluded:  "[The defendant's] challenge to the denial of his motion to suppress may only be heard if the waiver of the right to appeal is unenforceable, which is an issue regarding which [the defendant] was obligated to obtain a certificate of probable cause." (*Id.* at p. 943.)

In *People v. Codinha* (2021) 71 Cal.App.5th 1047 (*Codinha*), we addressed an appeal involving circumstances analogous to those in this case. (*Id.* at pp. 1073–1074.)  In the plea agreement in that case, the defendant, among other things, waived his right to appeal the denial of his section 1538.5 motion to suppress. (*Codinha*, at p. 1073.)  His notice of appeal stated that he would challenge the validity of his plea and the denial of his section 1538.5 motion, but his request for a certificate of probable cause did not mention (either directly or indirectly) his waiver of the right to appeal the denial of his section 1538.5 motion or his intent to challenge the validity

of that waiver.  (*Codinha*, at pp. 1073–1074.)  Rather, his request for a certificate of probable cause mentioned only the grounds of ineffective assistance of counsel and the denial of his section 1538.5 motion.  (*Codinha*, at p. 1074.)  The trial court granted the defendant's request for a certificate of probable cause without specifically mentioning the defendant's waiver of his right to appeal.  (*Ibid.*)

In *Codinha*, we declined to address the merits of the defendant's contention on appeal that the trial court erred by denying his section 1538.5 motion to suppress.  (*Codinha, supra,* 71 Cal.App.5th at pp. 1074, 1078–1079.)  We stated:  "As a general rule, obtaining a certificate of probable cause does not make cognizable issues that the defendant waived as part of a guilty plea.  More specifically, in this case, by failing to disclose the express Waiver to the trial court in his request for a certificate of probable cause, [the defendant] may not argue on appeal that the Waiver was ineffective or unenforceable or that the generic certificate of probable cause issued by the trial court otherwise affected the Waiver."  (*Id.* at p. 1074.)  We further stated:  "[the defendant's] challenge to the denial of his motion to suppress may only be heard if the Waiver is unenforceable—which, according to *Mashburn, supra,* 222 Cal.App.4th at page 943 . . . , 'is an issue regarding which [the defendant] was obligated to obtain a certificate of probable cause.' [Citations.]"  (*Codinha*, at p. 1078.)  Accordingly, in *Codinha*, we concluded:  "[T]he lack of a certificate of probable cause *as to the enforceability of the Waiver* precludes appellate review of the issue of the denial of the section 1538.5 suppression motion."  (*Ibid.*)  We further concluded:  "[W]ithout a certificate of probable cause *as to the Waiver*, we will not reach the merits of [the defendant's] arguments related to the denial of his section 1538.5 suppression motion."  (*Id.* at p. 1079.)

## C

In this case, the record shows that in his plea agreement, Bocksberger waived his right to appeal from any motion that he brought, which necessarily included a waiver of his right to appeal from the denial of his section 1538.5 motion to suppress. After the trial court entered its judgment, Bocksberger filed a notice of appeal and attached a request for a certificate of probable cause, citing only his challenge to the denial of his section 1538.5 motion to suppress. Neither his notice of appeal nor request for a certificate of probable cause cited any challenge to the validity or enforceability of his waiver of the right to appeal any motions he had brought (e.g., his section 1538.5 motion to suppress). As discussed above, the trial court did not grant or deny his request for a certificate of probable cause and simply noted that a certificate was not needed. In so noting, the trial court correctly interpreted rule 8.304(b)(2)(A), which sets forth the general rule that a certificate of probable cause is not required to appeal from the denial of a section 1538.5 motion to suppress. However, that general rule does not apply here to allow Bocksberger to appeal the denial of his section 1538.5 motion to suppress because he waived his right to appeal from the denial of that motion and failed to request or obtain a certificate of probable cause as to the validity or enforceability of that waiver.

By failing to request, and obtain, a certificate of probable cause as to the validity or enforceability of his plea agreement and/or his waiver of the right to appeal from the denial of his section 1538 motion to suppress, we conclude that Bocksberger cannot now challenge on appeal either: (1) the validity or enforceability of that waiver; *or* (2) the denial of his section 1538.5 motion to suppress. (Rule 8.304(b)(1)(A); *Jones, supra*, 10 Cal.4th at p. 1112, fn. 5; *Codinha, supra*, 71 Cal.App.5th at pp. 1074, 1078–1079; *Mashburn,*

9

*supra*, 222 Cal.App.4th at pp. 940, 943; *Espinoza*, *supra*, 22 Cal.App.5th at p. 803.) Therefore, we cannot consider the merits of his challenge to either the validity or enforceability of his waiver of the right to appeal the denial of his section 1538.5 motion to suppress *or* the trial court's denial of that motion. Accordingly, we must dismiss his appeal.[2]

DISPOSITION

The appeal is dismissed.


CASTILLO, J.


WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.

---

[2] Because we dismiss the appeal, we do not address the merits of any of Bocksberger's specific contentions raised in his opening brief.