Filed 12/18/25  P. v. Perez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086482 |
| v. | (Super.Ct.No. SWF2300057) |
| JOHNNY ALEXANDER PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Jeffrey M. Zimel, Judge. Dismissed.

Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Johnny Alexander Perez appeals from the judgment entered against him by the Riverside County Superior Court.

1

## BACKGROUND

Defendant entered into a plea agreement in which he pled guilty to (i) attempted murder with an enhancement for personal use of a firearm (Pen. Code,[1] §§ 664, 187, 12022.53, subd. (b), 1192.7, subd. (c)(8), count 8); and (ii) assault with a semiautomatic firearm with an enhancement for personal use of a firearm (§§ 245, subd. (b), 1192.7, subd. (c)(8), 12022.5, subd. (a), count 24). Defendant also admitted a strike prior and an aggravating factor. The plea agreement included a waiver of any right to appeal defendant may have.

In accordance with the plea agreement, the trial court sentenced defendant to a prison term of 14 years to life for the attempted murder (a seven-year term doubled due to the strike prior) plus a consecutive 10-year term for the section 12022.53 firearm enhancement. As to the assault, the court imposed a prison term of nine years (low term of three years doubled, plus three years for the personal use of a firearm).

Defendant appealed the judgment. In his request for a certificate of probable cause defendant claimed there were sentencing errors with respect to the imposition of the sentences for the firearm enhancements. The trial court denied the request.

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

---

[1] All statutory references are to the Penal Code. References to rules are to California Rules of Court.

2

## DISCUSSION

Counsel cites *People v. Wende* (1979) 25 Cal.3d 436, 440-442 in the opening brief and posits that where, as here, appointed appellate counsel files an opening brief that does not raise any issues, we are obliged to independently review the entire record to determine whether there are any issues that would, if resolved favorably to the appellant, result in reversal or modification of the judgment (commonly referred to as a *Wende* review). That is a correct statement with respect to an appeal from the judgment but, as explained *post*, our jurisdiction to conduct a *Wende* review is limited if a certificate of probable cause is required but has not been obtained.

Persons convicted upon a guilty plea cannot appeal the judgment unless (i) they file with the trial court a written statement executed under penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds for appeal going to the legality of the proceedings, and (ii) the trial court has executed and filed a certificate of probable cause for the appeal with the clerk of the court. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1088 (*Mendez*).) Those requirements must be strictly applied when an appeal is based on a matter affecting the validity of the plea agreement. (*Mendez*, at p. 1088; *People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182-1183; rule 8.304(b)(1)(A).) If an appeal requires a probable cause certificate and one is not provided, then the matter must be dismissed unless there are issues presented that do not affect the plea's validity. (*Mendez*, at p. 1096; rule 8.304(b)(3).)

Here, defendant's plea agreement included a stipulation to the sentence he subsequently received as well as a waiver to his right to appeal. When a plea bargain includes an express waiver of appeal, an attempt to appeal the judgment is necessarily an attack on a term of the agreement and, therefore, a probable cause certificate is required. (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 943; see *People v. Codinha* (2021) 71 Cal.App.5th 1047, 1076-1078.)

The trial court denied defendant's request for a certificate of probable cause. Accordingly, we limited our *Wende* review to matters that do not affect the validity of defendant's plea or would not otherwise require a probable cause certificate, and did not find an arguable issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

4