Filed 4/23/26  P. v. Trujillo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL FRANK TRUJILLO,<br><br>    Defendant and Appellant. | B339070<br><br>(Los Angeles County<br>Super. Ct. No.<br>YA088947) |

APPEAL from an order of the Superior Court of Los Angeles County, Kelly Michelle Kelley, Judge.  Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2016, defendant and appellant Michael Frank Trujillo (Trujillo) pled no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a))[1] and kidnapping (§ 207, subd. (a)). He was sentenced to serve 20 years 8 months in prison. In 2024, pursuant to section 1172.75, the trial court struck four, one-year prior prison term enhancements (former § 667.5, subd. (b)) and resentenced Trujillo to 16 years 8 months.

Trujillo appeals from his resentencing. We affirm.

## BACKGROUND

Trujillo was originally charged in 2014 with one count of murder. (§ 187, subd. (a).) In 2016, the information was amended by interlineation to include counts for voluntary manslaughter (§ 192, subd. (a)) and kidnapping (§ 207, subd. (a)), and Trujillo pled no contest to those counts. As to the voluntary manslaughter, he admitted that a principal was armed with a firearm. (§ 12022, subd. (a)(1).) As to the kidnapping, he admitted that he inflicted great bodily injury. (§ 12022.7, subd. (a).) Trujillo also admitted four prior prison terms. (Former § 667.5, subd. (b).)

The trial court sentenced Trujillo to serve an aggregate term of 20 years 8 months in prison. The sentence consisted of the upper term of 11 years for the voluntary manslaughter, plus one year for the firearm enhancement and four years for the former section 667.5, subdivision (b) prior prison term enhancements. For the kidnapping, Trujillo received 20 months (one-third the middle term), plus three years for the great bodily

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

injury enhancement as specifically agreed. The court dismissed the murder charge.

In November 2023, Trujillo filed a motion for resentencing under section 1172.75. Trujillo asked the trial court to strike the prior prison term enhancements; resentence him to the low term on the voluntary manslaughter pursuant to section 1170, subdivision (b)(6); and strike the great bodily injury enhancement as to the kidnapping. Trujillo argued that his sentence should be reduced because of trauma he suffered due to his mother's alcoholism and the sexual assault of his sister, his history of substance abuse, and his positive programming while incarcerated.

In December 2023, the trial court granted the motion for resentencing in part by striking the four, one-year prior prison term enhancements (former § 667.5, subd. (b)). On May 20, 2024, the trial court conducted a full resentencing. The court declined to reduce Trujillo's sentence beyond striking the prior prison term enhancements. The court explained that it had considered section 1170 and, having reviewed Trujillo's certified RAP sheet, found "that his prior convictions are both numerous and of increasing seriousness as contemplated in California Rule[s] of Court[, rule] 4.421(b)(2)[.]" While commending Trujillo for taking classes and working toward his rehabilitation, the court "believe[d] that the high-term [wa]s appropriate in this case" based on "Trujillo's prior criminal history[.]" The court resentenced Trujillo to 16 years 8 months.

Trujillo filed a timely notice of appeal from his resentencing. The record does not contain a certificate of probable cause.

**DISCUSSION**

## I. Consideration of Mitigating Circumstances Under Section 1385

Trujillo contends that the trial court abused its discretion by reimposing sentencing enhancements without considering or affording great weight to mitigating circumstances enumerated in section 1385.

### A. *Section 1172.75*

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1172.75, which renders "legally invalid" any former section 667.5, subdivision (b) prior prison term enhancement imposed before January 1, 2020, except for a prior conviction for a sexually violent offense. (§ 1172.75, subd. (a).) A defendant who qualifies for the recall of sentence under section 1172.75 is entitled to "a full resentencing" at which the trial court may reconsider all of its prior sentencing decisions. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*).)

The statute provides "specific instructions" for the trial court to exercise broad resentencing authority. (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) Among other things, section 1172.75 requires the trial court to "apply any . . . changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so

4

that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

**B.  Section 1385**

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to add subdivision (c).  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723 (*Coleman*).)  Under the amended statute, "the court shall dismiss an enhancement if it is in the furtherance of justice to do so[.]"  (§ 1385, subd. (c)(1).)  "In exercising its discretion" to dismiss an enhancement, "the court shall consider and afford great weight to evidence offered by the defendant to prove" the presence of nine enumerated "mitigating circumstances . . . .  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2).)  Mitigating factors include, as relevant here, that "[m]ultiple enhancements are alleged in a single case."  (§ 1385, subd. (c)(2)(B).)

**C.  Standard of review**

We review a trial court's decision to dismiss or strike an enhancement under section 1385 for abuse of discretion.  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 (*Nazir*).)  "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion"' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' [Citations.]"  (*Nazir, supra*, at p. 490.)

5

### D. The trial court did not abuse its discretion

As required by section 1172.75, the trial court struck Trujillo's four former section 667.5, subdivision (b) prior prison term enhancements. The court also, as required by section 1172.75, conducted a full resentencing (see *Monroe*, *supra*, 85 Cal.App.5th at p. 402), during which it declined to reduce Trujillo's sentence further.

Trujillo argues that the trial court abused its discretion by reimposing sentencing enhancements without considering or affording great weight to the presence of the multiple enhancement mitigating circumstance set forth in section 1385, subdivision (c)(2)(B). Although Trujillo forfeited this contention by failing to raise it below (see *Coleman*, *supra*, 98 Cal.App.5th at p. 724), we consider the merits to forestall his ineffective assistance of counsel claim (see *People v. Welch* (1999) 20 Cal.4th 701, 759–760; *Monroe*, *supra*, 85 Cal.App.5th at p. 400).

Trujillo has failed to demonstrate an abuse of the trial court's discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376 ["""[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary"""].) That the court did not expressly discuss its discretion under section 1385 does not affirmatively establish that it was unaware of the scope of that discretion or failed to exercise it. (See *Coleman*, *supra*, 98 Cal.App.5th at p. 725 ["Defendant's citation to a silent record is insufficient to meet his burden to demonstrate an abuse of discretion"]; *People v. Brugman* (2021) 62 Cal.App.5th 608, 637 ["'The trial court is not required to state reasons for declining to exercise its discretion under section 1385'"].)

Because "all intendments and presumptions are indulged in favor of [the] correctness" of the trial court's order (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133), we presume that the court was aware of the applicable law, gave great weight to any relevant mitigating circumstance, and declined to dismiss the other enhancements due to countervailing factors. (See *People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*) [at resentencing, a trial court may reimpose a challenged enhancement upon "find[ing] substantial, credible evidence of countervailing factors that . . . 'neutralize . . . the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice'"].) Credible evidence of such countervailing factors can be found in Trujillo's criminal record, which includes convictions for burglary (§ 459), inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)), manufacturing or possessing a dangerous weapon (former § 12020, subd. (a)(1)), carrying a concealed dirk or dagger (§ 21310), and hit and run with property damage (Veh. Code, § 20002).

Trujillo speculates that the trial court would have exercised its discretion differently if it had the benefit of *Walker*, *supra*, 16 Cal.5th 1024, which was decided a few months after the resentencing hearing. We disagree that a new hearing is required. Before *Walker* was decided, sentencing courts were still required to afford great weight to mitigating factors. (§ 1385, subd. (c)(2).) Trujillo has not demonstrated that the court in this case exercised its discretion in a manner inconsistent with *Walker*. Indeed, *Walker*, *supra*, 16 Cal.5th at page 1029 confirmed that the existence of one or more of the mitigating

factors listed in section 1385, subdivision (c)(2), does not mandate dismissal of an enhancement.

## II. Sentence for Great Bodily Injury Enhancement

When a defendant is convicted of more than one felony and a consecutive prison term is imposed, "[t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment . . . , and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a).)

Trujillo contends that both the original sentencing court and the resentencing court violated section 1170.1, subdivision (a), by imposing a consecutive, three-year sentence for the great bodily injury enhancement attached to the kidnapping count instead of one year (one-third of the three-year enhancement). Trujillo's argument goes to the validity of his negotiated plea agreement. Because Trujillo did not obtain a certificate of probable cause, we may not address this claim.

"Under section 1237.5, a defendant generally may not appeal from a judgment of conviction following a guilty or no contest plea, unless he files with the trial court a statement 'showing reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings' (§ 1237.5, subd. (a)), and the trial court executes and files 'a certificate of probable cause for such appeal with the clerk of the court' (§ 1237.5, subd. (b)). [Citations.]" (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 941.) "Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a

plea agreement. [Citations.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 678 (*Johnson*).)

In 2016, the trial court clarified that Trujillo's agreed-upon plea bargain included the imposition of a full, three-year great bodily injury enhancement (rather than one year) and then imposed that term. At the 2024 resentencing, the court reimposed the same three-year enhancement. The three-year enhancement was "an integral part of a plea agreement." (*Johnson, supra*, 47 Cal.4th at p. 678.) Trujillo's challenge to that aspect of his sentence "is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) Because Trujillo failed to obtain a certificate of probable cause, we lack jurisdiction to review the issue. (See Cal. Rules of Court, rule 8.304(b)(3) [in the absence of a certificate of probable cause, "the appeal will be limited to issues that do not require a certificate of probable cause"].)

9

## DISPOSITION

The trial court's May 20, 2024, order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
GILBERT*

We concur:


_____, P. J.
LUI


_____, J.
RICHARDSON

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.